Edward McCORMACK, Petitioner,

v.

Wilson E.J. WALTERS, Superintendent Ossining Correctional Facility, Respondent.

No. 82 Civ. 5128 (KTD).

United States District Court,
S.D. New York.

Oct. 21, 1982.

Edward McCormack, petitioner pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for respondent; Frederick Cohen, Asst. Atty. Gen., New York City, of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This habeas corpus petition is brought by a state prisoner who is serving six to twelve years as a predicate felony offender for a first-degree robbery conviction. The judgment of conviction was entered September 24, 1979, in Supreme Court, New York County (Melia, J.). The judgment of conviction was affirmed by the Appellate Division, First Department. Leave to appeal to the Court of Appeals was denied.

Petitioner alleges that the trial judge deprived him of his sixth amendment right to compulsory process of witnesses, and his fourteenth amendment due process right to a fair trial. Mr. McCormack did not present a defense at trial.

At the outset it should be noted that after the first day of the trial, the petitioner left and voluntarily absented himself from the trial until he was finally arrested and brought in for sentencing. His counsel, however, attempted to call four witnesses on his behalf: two people who were with the petitioner on the night of the robbery who refused to testify on self-incrimination-privilege grounds; and two New York State incarcerated convicts from Dannemora who assertedly could testify only as to totally unrelated "bad acts" (*i.e.,* receiving stolen property on the part of the complaining witness). As to the latter, the trial judge, noting that the defense had proven the prior convictions of the complaining witness and had plumbed his entire life style, denied the defense request for a continuance because of the evidence's cumulative nature. The trial judge also pointed out that the defense demand for the production of the two convicts was entirely untimely. (I note, in passing, that no foundation had been laid for the testimony of the convicts.)

Discretionary evidentiary rulings by the state court trial judge are not reviewable on habeas corpus petition unless the rulings infringe a particular constitutional right of the petitioner. *See Mitchel v. Smith,* 481 F.Supp. 22 (E.D.N.Y.1979), *aff'd on other grounds,* 633 F.2d 1009 (2d Cir.1980), *cert. denied,* 449 U.S. 1088, 101 S.Ct. 879, 66 L.Ed.2d 814 (1981). These rulings did not violate the defendant's sixth amendment right to compulsory process of witnesses because the excluded evidence was already before the jury by other testimony and evidence. Similarly, the judge's ruling did not result in an unfair trial since the evidence was cumulative.

As to the two witnesses who claimed the privilege against self-incrimination, the trial judge's actions, in appointing counsel for the witnesses and in leaving the decision as to whether to testify up to the witness, were consonant with both the sixth and the fourteenth amendments. *See United States v. Zelker,* 468 F.2d 159, 162 (2d Cir. 1972), *cert. denied,* 411 U.S. 939, 93 S.Ct. 1892, 36 L.Ed.2d 401· (1973).

Accordingly, the instant petition, being without merit, is denied. For the reasons stated herein, no certificate of probable cause will issue.

Petition dismissed.

SO ORDERED.