Oswaldo DIAZ, Petitioner,

v.

E.S. LeFEVRE, Superintendent, Clinton Correctional Facility, and Thomas A. Coughlin III, Commissioner, N.Y.S. Department of Correctional Services, Respondents.

No. 87 Civ. 1200 (MEL).

United States District Court,
S.D. New York.

June 23, 1988.

**946**

Robert A. Sackett, New York City, for petitioner.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondents; Mark Dwyer, Donald J. Siewert, Asst. Dist. Attys., of counsel.

LASKER, District Judge.

Oswaldo Diaz, currently in the custody of the New York State Department of Correctional Services, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that during his trial, his constitutional rights to due process and a fair trial and his privilege against self-incrimination were violated, and that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. The petition is denied.

Oswaldo Diaz was found guilty, on March 10, 1977, of two counts of second degree murder—intentional and felony murder—and was subsequently sentenced to serve two concurrent terms of twenty-five years to life imprisonment. He appealed his conviction to the Appellate Division of the Supreme Court, which affirmed the conviction without opinion. *People v. Diaz*, 83 A.D.2d 994, 443 N.Y.S.2d 38 (1st Dept. 1981). The New York Court of Appeals denied Diaz's application for leave to appeal. *People v. Diaz*, 54 N.Y.2d 1029, 446 N.Y.S.2d 1029, 430 N.E.2d 1324 (1981).

Diaz raises the following claims: 1) his conviction was obtained using statements coerced in violation of his Fourteenth Amendment right to due process, which the trial judge failed to find specifically were voluntary prior to admitting them at trial; 2) his conviction was based on a confession obtained in violation of his privilege against self-incrimination because it was neither spontaneous nor preceded by *Miranda* warnings; 3) he was denied his right to a fair trial because the jury remained impaneled although some jurors made statements that, according to Diaz, indicated the jurors' bias against the defendant; 4) his right to due process was violated when the Assistant District Attorney who interrogated Diaz also prosecuted the case, read the transcript of the interrogation to the jury, and characterized Diaz's defenses as "smokescreens;" 5) he was denied due process because the trial court's jury instruction was erroneous; and 6) his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment.

### I. Exhaustion

A state prisoner seeking federal habeas review of a conviction must exhaust available state remedies, 28 U.S.C. §§ 2254(b), (c) (1982), on every claim raised or the habeas petition must be dismissed with leave to amend. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The State contends that Diaz has failed to exhaust his Eighth Amendment claim because Diaz did not argue on appeal that his sentence was "cruel and unusual punishment." [1]

 However, a petition can satisfy the exhaustion requirement, even if the constitutional claim was not specified on appeal, providing it was "fairly presented" to the state appellate court. *Daye v. Att'y Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). Under *Daye*, a habeas petitioner can "fairly present" the issue to the appellate court by: 1) citing "pertinent federal cases employing constitutional analysis," 2) relying on "state

**1.** There is no dispute that Diaz exhausted all other claims raised in his habeas petition.

cases employing constitutional analyses in like factual situations," 3) asserting the claim in terms that "call to mind" a specific constitutional right, or 4) alleging a pattern of facts "well within the mainstream of constitutional litigation." *Id.* at 194.

■ Diaz argued before the Appellate Division that his sentence of twenty-five years to life, which was the maximum sentence permitted, was excessive in view of his youth and his unblemished prior record. See Respondent Exhibit ("RX") 2, Brief of Defendant–Appellant at 59. He did not invoke a constitutional right, nor did he rely on pertinent federal or state cases employing applicable constitutional analyses.[2] However, Diaz did argue that his sentence was "excessive," which "ipso facto calls to mind the Eighth Amendment prohibition against cruel and unusual punishment." *Purnell v. Smith*, No. 85 Civ. 3998 (CBM) (S.D.N.Y. Sept. 2, 1986 [available on WESTLAW, 1986 WL 9796]; *see also Rivers v. Snow*, No. 86 Civ. 8723 (MGC) (S.D.N.Y. Dec. 7, 1987) [available on WESTLAW, 1987 WL 27656] (constitutional right is raised by a claim phrased only as "excessive" because of the "frequency with which claims of excessive sentences are brought under the Eighth Amendment"); *Martinez v. Scully*, No. 82 Civ. 7492 (CBM) (S.D.N.Y. Feb. 15, 1983) (by characterizing sentence as excessive petitioner called to mind a specific right protected by the constitution). Accordingly, Diaz has exhausted his state remedies on every claim, thereby permitting a decision on the merits of his petition.

## II. Procedural Bar

Three of Diaz's claims are not reviewable because a habeas court may not reach the merits of those claims that have not been preserved by contemporaneous objection, unless the petitioner shows cause for the default and prejudice resulting from the alleged violation. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

**2.** Diaz did not cite any cases. *See* RX 2 at 59.

■ Diaz argues that his right to due process was violated because the Assistant District Attorney who interrogated him following his arrest also prosecuted the case against him, read the transcript of the interrogation to the jury, and characterized certain of Diaz's defenses as "smokescreens." Diaz also contends that the trial court deprived him of his due process rights by instructing the jury "that a person is presumed to intend the natural and probable consequences of his acts and in failing to instruct that [Diaz] could not be responsible for his accomplice's crime if he did not share his accomplice's intent." Memorandum of Law in Support of Petition for a Writ of Habeas Corpus ("Memorandum of Petitioner") at 66–67. Finally, Diaz contends that the trial court's failure to find expressly that the four statements he made to the police while in custody were voluntary, prior to allowing the statements to be introduced at trial, violated his right to due process. Because Diaz's statements were argued to be inadmissible on the grounds that they were not preceded by *Miranda* warnings and that they were involuntary, the trial judge conducted a hearing as required by *People v. Huntley*, 15 N.Y.2d 72, 204 N.E.2d 179, 255 N.Y.S.2d 838 (1965). At the conclusion of the hearing, the judge explicitly stated his finding that *Miranda* warnings were given and fully understood, but made no similar express finding as to the voluntariness of the statements.

However, Diaz did not object to the prosecutor's participation or to the jury instruction during the trial as required under N.Y. Crim.Proc. § 470.05(2) (McKinney 1983), which provides that a question of law is presented, for purposes of appeal, when the party claiming error protested "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." *See, e.g., People v. Thomas*, 50 N.Y.2d 467, 469, 407 N.E.2d 430, 432, 429 N.Y.S.2d 584, 586 (1980) (stating general rule that objection at trial is required to preserve issue for appeal). Nor did Diaz,

at the conclusion of the *Huntley* hearing or during trial, challenge the constitutional sufficiency of the findings as required to preserve the issue on appeal.

It is true that Diaz raised all three issues on appeal. If on appeal, the prosecutor had argued only the merits, and not raised the procedural default, the habeas court could consider the federal claim. *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 SCt. 109, 74 L.Ed. 2d 97 (1982). However, in Diaz's case, the prosecutor argued both the procedural default and the merits of the three claims, and the Appellate Division affirmed without opinion. Accordingly, this court must conclude that the Appellate Division's judgment rested on an adequate and independent state ground that precludes federal review of the federal constitutional claims. *Id.* at 55.

Moreover, Diaz has not demonstrated that there was a legitimate cause for his failure to object at trial and that there was actual prejudice as a result. Without such a showing, a habeas court is powerless to review the claim. *Wainwright*, 433 U.S. 72, 97 S.Ct. 2497. For the reasons stated, the merits of these three claims are not addressed.

### III. Spontaneity of Statement

Diaz argues that his fourth statement, a confession to the detective on the way to arraignment, should have been suppressed because it was not preceded by *Miranda* warnings and was not a spontaneous statement. While the state court's finding of voluntariness is considered a question of law and therefore not accorded a presumption of correctness under 28 U.S.C. 2254(d), "subsidiary factual questions are entitled to the § 2254(d) presumption." *Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985). However, a state court's factual findings are not entitled to deference if they are not "fairly supported by the record," 28 U.S.C. § 2254(d)(8), or "adequately developed at the State court hearing ...," 28 U.S.C. § 2254(d)(3). *See Matusiak v. Kelly*, 786 F.2d 536, 544 (2d Cir.) (habeas court did not defer to implicit state court factual

determinations because they were not adequately developed at the hearing or supported by the record), *cert. dismissed*, —— U.S. ——, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986).

Following the suppression hearing, Justice Goldman specifically found that Diaz's fourth statement was a "spontaneous statement made by this defendant not in response to any questions." Transcript of Suppression Hearing at 241. At the hearing, Diaz denied making the statement, but the detective's testimony directly contradicted Diaz's account of the incident. The evidence adequately supported Justice Goldman's conclusion that Diaz's statement was made spontaneously in response to the detective's inquiries into his well being, which were routine questions not "reasonably likely to elicit an incriminating response from the suspect," *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1690, 64 L.Ed.2d 297 (1980) (spontaneous statements made to police while defendant is in custody need not be preceded by *Miranda* warnings unless conversation was "functionally equivalent" to interrogation). Thus, upon reviewing the transcript, I find sufficient support for the state court finding that Diaz made the fourth statement and for the conclusion that the statement was voluntary.

### IV. Impartiality of the Jury

Diaz argues that he was deprived of his right to a fair trial by an impartial jury. At the end of the second day of the trial, one of the jurors informed the court that, among other things, she had heard another juror remark, in the presence of other jurors, "Oh, the kid needs a good beating," and make a derogatory statement about the defendant's nationality. Memorandum of Petitioner at 60–61. A hearing was held to determine whether the other jurors had heard the remarks and whether the jurors could still deliberate impartially, after which Diaz moved for a mistrial. The motion was denied, but the juror to whom the original remarks were attributed was dismissed. Diaz alleges that the judge erred in denying the motion because dismissal of

the offensive juror could not cure the other jurors' prejudice.

State court factual findings, particularly of demeanor and credibility, are entitled to special deference. *Patton v. Yount*, 467 U.S. 1025, 1038, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984) (deferring to state courts' conclusion that jurors would be impartial). More specificallly, when fairly supported by the record, a state court determination that jurors were not influenced nor pressured by other jurors during deliberations is entitled to "a high measure of deference." *Jacobson v. Henderson*, 765 F.2d 12, 15 (2d Cir.1985) (citations omitted).

The transcript of the examination of the jury fairly supports the trial judge's determination that the jurors were not biased. All the jurors were examined under oath and questioned by Justice Klein as well as by both attorneys, and each juror who had heard any of the remarks stated that she or he could still deliberate impartially.

## V. Excessive Sentence

Diaz claims that his sentence was excessive and, as a result, cruel and unusual in violation of the constitution's Eighth Amendment. Diaz was convicted on two counts of murder and sentenced to two concurrent terms of twenty-five years to life. He argues that in light of his age, seventeen, at the time he committed the crime, and his lack of a prior record, this maximum sentence is excessive. However, because his sentence did not exceed the maximum sentence permissible for a felony conviction under N.Y.Penal Law § 70.00 (McKinney 1987), there is no ground for habeas relief. *Castro v. Sullivan*, 662 F.Supp. 745, 753 (S.D.N.Y. 1987) (holding two concurrent terms of twenty-five years to life were not excessive in the case of a twenty-two year old with no prior record who was convicted of second degree murder, first degree robbery, and second degree criminal possession of a weapon; because sentence did not exceed maximum prescribed under the statute, petitioner failed to raise any constitutional issue);

*Rivera v. Quick*, 571 F.Supp 1247, 1248–49 (S.D.N.Y. 1983) (because petitioner's sentence was within the range permitted by state law, its length did not a constitutional issue); *see also Stevens v. Armontrout*, 787 F.2d 1282, 1284 (8th Cir.1986) (200 year sentence held not excessive because sentence was within the maximum permitted by statute and crime was not minor).

Moreover, Diaz has failed to show that his sentence was disproportionate in violation of the Eighth Amendment. Under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), prison sentences are subject to a proportionality analysis, although "*successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id.* at 289–90, 103 S.Ct. at 3009 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed. 2d 382 (1980)) (emphasis in the original). *Solem* instructs that reviewing courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* at 290, 103 S.Ct. at 3009 (footnote omitted). In light of this deference, "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Id.* at 290 n. 16, 103 S.Ct. at 3009 n. 16.

Diaz's sentence was not constitutionally disproportionate. Although Diaz received the maximum sentence, he was convicted of intentional murder, as well as felony murder. Moreover, the permissible sentence for murder in the second degree is also not disproportionate to the sentences authorized for other crimes in the jurisdiction. Additionally, the same sentence is authorized by statute for crimes less severe than those for which Diaz was convicted, including, for example, an attempt to commit murder in the first degree or to criminally possess or sell a controlled sustance in the first degree, N.Y. Penal Law § 110.05 (McKinney 1987), or for kidnapping in the first degree, N.Y. Penal Law

§ 135.25 (McKinney 1987). Finally, Diaz's sentence is not disproportionate when compared with that permitted in other jurisdictions, particularly given the constitutionality of the death penalty for murder in many jurisdictions. *See Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 1685–85, 95 L.Ed. 2d 127 (1987) (surveying states authorizing capital punishment for felony murder). *See generally Carter v. Henderson,* 602 F.Supp. 1186 (S.D.N.Y.) (applying the analysis of *Solem* and holding petitioner's sentence of fifteen years to life for attempted murder was not so grossly disproportionate as to violate the Eighth Amendment), *aff'd,* 779 F.2d 36 (2d Cir.1985).

For the reasons stated above, the petition must be denied. A certificate of probable cause is denied.

It is so ordered.