**Derek CHISHOLM, Petitioner,**

*v.*

**Robert HENDERSON, Superintendent, Auburn Correctional Facility; Robert Abrams, Attorney General, State of New York; John Santucci, District Attorney, County of Queens, Respondents.**

No. 89 CV 1385.

United States District Court, E.D. New York.

May 8, 1990.

---

Derek Chisholm, pro se.

Emil Bricker (John J. Santucci, Dist. Atty., Queens County), Kew Gardens, for respondents.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, *pro se,* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is denied.

## FACTS

Petitioner was convicted on May 13, 1986 of robbery in the first degree and robbery in the second degree in the New York Supreme Court, Queens County. Following the jury's verdict of guilty on both charges, petitioner was sentenced to serve a term of 8⅓ years to 25 years on the first charge, and 5 to 15 years on the second. Both sentences were to run concurrently.

On February 11, 1987, petitioner was found guilty of robbery in the first degree in a wholly independent proceeding involving a separate crime. Following that jury's verdict, petitioner was sentenced to serve 8⅓ to 25 years. This sentence was to run consecutively to his first sentence. Petitioner, however, has appealed the second conviction, and that appeal is still pending in the Appellate Division.[1]

Petitioner now seeks a writ of habeas corpus on his first conviction, alleging: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) wrongful denial of

1. The Court is not concerned here with any collateral attack regarding the second conviction since petitioner has not yet exhausted his available state remedies under that indictment. 28 U.S.C. § 2254(b). *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Boothe v. Superintendent,* 656 F.2d 27, 31 (2d Cir.1981).

At this juncture, however, the Court is more than satisfied that the May 13, 1986 conviction is wholly separate. The present motion, therefore, is not a "mixed petition," warranting summary dismissal. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982).

an application for the assignment of substitute counsel; and (4) an excessive sentence. Respondents oppose the writ, arguing that petitioner has failed to exhaust state remedies on one of his claims.

## DISCUSSION

■ A state prisoner's application for a writ of habeas corpus may not be granted by a district court until "it appears that the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b).

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Id.* at § 2254(c); *see Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Boothe v. Superintendent,* 656 F.2d 27, 31 (2d Cir.1981). Respondents argue that the federal claim of prosecutorial misconduct has never been presented to the state courts.

■ The issue of whether a federal claim was "fairly presented" to the state courts arose in *Daye v. Attorney General of New York,* 696 F.2d 186 (2d Cir.1982), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). *Daye* enumerated four alternative ways by which a defendant may properly alert a state court to his federal claim:

> (A) reliance on pertinent federal cases employing constitutional analysis,
> (B) reliance on state cases employing constitutional analysis in like fact situations,
> (C) assertion of the claim in terms so particular as to call to mind a specific right protected by the constitution, and
> (D) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.* at 194.

■ Petitioner's appellate brief, bristling with New York State cases, does not cite any federal decisions in his argument for prosecutorial misconduct. The state law supporting petitioner's prosecutorial misconduct claim does not, at least by way of case law, alert the state court to the federal constitutional nature of the claim. This type of allegation, however, clearly falls within the mainstream of constitutional litigation, thereby satisfying the exhaustion requirement.

## I. PROSECUTORIAL MISCONDUCT

■ The prosecutorial misconduct alleged does not approach the standard of *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), namely, that a prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643, 94 S.Ct. at 1871. As stated by the Second Circuit, "[C]onstitutional error occurs only when the prosecutorial remarks were so prejudicial that they rendered the trial in question fundamentally unfair." *Garofolo v. Coomb,* 804 F.2d 201, 206 (2d Cir.1986) (quoting *Cobb v. Wainwright,* 609 F.2d 754, 756 (5th Cir.)). Petitioner challenges five remarks in the prosecutor's summation:

1. That sometimes you have to go with what you got. And in that respect, it is a good summation by [defense counsel]. But it's another thing to try and blow smoke past people and to distort facts. Tr. at 328.

2. Wasn't it ironic that it turns out that when he spent his time in Rikers, it was because of a conviction of criminal possession of stolen property? Stolen property. This case is about theft. Tr. at 338.

3. But did you notice when he was on the stand, ladies and gentlemen, conspicuously absent from his testimony was a clear statement to you ... that ["]I never did this robbery.["] Tr. at 340.

4. Do you think he has a reason to remember being robbed by this man?

   I don't know. Have any of you ever had a gun stuck in your face like this? You might remember it very well, too,

and you might find it hard to forget. T. 346.

5. Play it right down the middle. Let the chips fall where they may. If he did it, he did it, and therefore, I ask you to convict him as charged. Tr. 356–57.

(1). Petitioner argues that the first remark accused defense counsel of lying. When the prosecutor made this comment, defense counsel objected. The trial court, properly characterizing the comment as a personal attack, instructed the assistant District Attorney to "move on." Tr. at 329. The remark was erroneous, but it must be recognized that personal attacks even more explicit and inflammatory have been held not to deprive a defendant of a fair trial. For example, in *Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980), the prosecution referred to the defendant as a "convincing liar" and a "bamboozler of juries," but that court found no denial of due process. *Id.*

■ (2). The second remark to which petitioner objects is more troublesome. In *Oliver v. Wainwright*, 795 F.2d 1524 (11th Cir.1986), a defendant objected to the same type of prosecutorial argument, alleging that the state's reference to his past criminal record improperly invited to the jury to consider past criminal conduct as evidence of a propensity to commit the crime charged.

The *Oliver* court, however, found that, for purposes of collateral attack, there was no constitutional prejudice in the prosecutor's "cryptic attempt" to link a prior criminal record to a criminal propensity. The court decided that the defendant "made no argument that he suffered *additional prejudice* from the reference to motive that could not be attributed to the initial introduction of the evidence of his past illegal conduct." *Id.* at 1532 (emphasis added).

Petitioner, like the *Oliver* defendant, was the one who introduced his prior record to the jury. Tr. at 278. Petitioner, like the *Oliver* defendant, cannot now "complain that his trial was rendered fundamentally unfair by the prosecutor's peculiar reference to it." *Oliver*, 795 F.2d at 1532.

■ In considering a prosecutorial misconduct claim, the Court must consider "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir.1981) *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982). In this case there was an immediate objection to the prosecutor's comment. The trial court sustained the objection, stating to the jury, "You may not utilize [a prior criminal record] to infer because of a prior crime, that he committed this crime. Only on credibility only. And I will charge you more fully on that." Tr. at 339. The trial court did later instruct the jury on that specific issue. Tr. at 368–69. Considering, again, the context surrounding the remark, the curative instruction offered by the trial court immediately after it and later in the jury charge, I conclude that it was not fatal to petitioner's constitutional right to a fair trial.

■ (3)(4)(5). The last three comments by the prosecutor are considered together because petitioner regards them collectively as a none-too-subtle attempt by the prosecution to shift the burden of proof to the defendant. After a careful review of the record, the Court concludes otherwise.

Of course, it " 'is not enough that the prosecutor['s] remarks were undesirable or even universally condemned.' " *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir.1983)). The remarks must prejudice the defendant. Here, the trial judge dissipated the potential taint by advising the jury, "Further, I remind you that arguments, remarks and summation of the opposing attorneys are not evidence." Tr. at 380. Dispelling all doubt as to where the burden of proof lay, he then charged: "This defendant does not have to prove anything; in other words, he does not have to prove he is innocent. The burden of proof *never* shifts; it is always on the People." Tr. at 381 (emphasis added).

The undeniable reality is that "[s]ummations cannot be considered in a vacuum; they must be evaluated against the actualities of the living trial." *St. Lawrence v. Scully,* 523 F.Supp. 1290, 1302 (S.D.N.Y. 1981). A trial judge's carefully crafted instructions on the law may effectively dissipate trial errors occurring during summations. *Id. See also Valdez v. Scully,* 627 F.Supp. 714, 718 (S.D.N.Y.1986).

Considered in context, none of the prosecution's closing arguments, considered separately or collectively, rendered the trial fundamentally unfair.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

■ To establish ineffective assistance of counsel, petitioner must satisfy both prongs of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that (1) his counsel's errors fall below an objective standard of reasonableness, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

### 1. Counsel's Assistance At Trial

■ Petitioner contends that his decision to take the stand and testify was ill-advised and was the direct result of ineffective assistance of trial counsel. Petitioner also argues that his testifying at trial displayed a "total lack of preparation, a serious lapse in counsel's judgment and a lack of cooperation between counsel and client." Petition at 10. Essentially, petitioner maintains that competent counsel would have kept him off the stand, recognizing that the prejudice of a prior criminal conviction would outweigh any intended benefit.

The Court is not persuaded that such a decision by defense counsel, presumably agreed upon by lawyer and client, was objectively unreasonable. The law requires that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Accordingly, petitioner "must over-

come the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)); *see also Strouse v. Leonardo,* 715 F.Supp. 1170 (E.D.N.Y.1989).

Defense counsel had a sound tactical reason to put his client on the stand. Through his testimony, the defense offered an exculpatory explanation of why petitioner's fingerprints were found on the car involved in the robbery, namely, that petitioner did "hang out" in the area leaning against, sitting on and touching cars. Tr. 271–277. After petitioner had undergone vigorous cross-examination, defense counsel provided him with an opportunity to clarify the exculpatory explanation on re-direct. Tr. at 282–83. This was not ineffective assistance.

### 2. Counsel's Assistance At Sentencing

Petitioner also attacks his counsel's assistance at sentencing, arguing it was "worse than no representation at all and was a farce and a mockery of justice." Petition at 13. This claim is wholly without merit.

At sentencing, defense counsel presented cogent arguments, both orally and in a written memorandum on petitioner's behalf. Counsel directed the court's attention to the psychiatric report, highlighting petitioner's need for education rather than punishment. Counsel also challenged the Probation Department's recommendation that the court impose the maximum sentence, providing insights on why he believed petitioner was capable of rehabilitation.

Defense counsel clearly had an uphill battle at sentencing, faced with a client whose history included at least one criminal conviction and several incidents of drug abuse. The Court is satisfied that the assistance of petitioner's counsel was more than adequate in all respects.

## III. DENIAL OF REQUEST FOR SUBSTITUTE COUNSEL

■ On the day of trial, petitioner made an application for substitute counsel. Fol-

lowing a discussion on the record outside the jury's presence, that application was denied. Petitioner now claims this denial as a third basis for a writ of habeas corpus.

"In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Calabro*, 467 F.2d 973, 986 (2d Cir.1972), *cert. denied*, 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973). *See also United States ex rel. Baskerville v. Deegan*, 428 F.2d 714, 716–17 (2d Cir.), *cert. denied*, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970).

In the absence of a sixth amendment constitutional conflict, a decision whether to grant a continuance during trial for the substitution of counsel falls squarely within the discretion of the trial court. *Calabro*, 467 F.2d at 986. That decision will be reversed only if the court has abused its discretion. *Id.* Moreover, when a defendant requests substitution of counsel, a trial court need only make formal inquiries into requests which are "seemingly substantial" on their face. *Id.* at 976.

Petitioner's application came immediately after the impaneling of the jury. The only reason offered by petitioner in support of his application was that his attorney was "incompetent" and "he doesn't know the nature of my case or anything." Tr. at 15.

The trial judge vouched for defense counsel's professional competence on his own personal knowledge, and pressed petitioner unsuccessfully to be more specific. Tr. at 16. More than a year before trial, defense counsel had represented petitioner at a pretrial hearing. That longtime association with the case, combined with counsel's prepared and competent performance at trial, demonstrated that he was indeed familiar with the case. Petitioner made no mention of a breakdown in communication, irreconcilable differences or conflicts of interest. Because petitioner did not show good cause to substitute counsel on the eve of trial, the trial judge properly denied the application.

## IV. EXCESSIVE SENTENCE

Petitioner asserts lastly that his sentence was excessive. He objects to the sentencing court imposing consecutive rather than concurrent sentences. Petitioner is simply wrong on his facts. The sentences imposed are to run concurrently. Sentence Tr. at 10.

He also objects that he was given the maximum sentence. "[B]ecause his sentence did not exceed the maximum sentence permissible ... there is no ground for habeas relief." *Diaz v. Lefevre*, 688 F.Supp. 945, 949 (S.D.N.Y.1988). *See also Castro v. Sullivan*, 662 F.Supp. 745, 753 (S.D.N.Y.1987). Because the sentence imposed was permissible and, in light of petitioner's prior record, in all respects appropriate, this Court lacks any basis to question its validity.

## CONCLUSION

Accordingly, the motion for a writ of habeas corpus must be, and hereby is, denied.

SO ORDERED.