■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTINEZ, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered November 17, 1988, convicting defendant, after a jury trial, of two counts of robbery in the first degree and one count of burglary in the first degree, and sentencing defendant to three concurrent indeterminate terms of imprisonment of from 7-½ to 15 years, unanimously affirmed.

Appellant and an accomplice, with guns drawn, rushed into the partially open door of a 6th floor apartment in the Bronx tied up the occupants, and removed money and jewelry from their persons. On this appeal, defendant takes exception to various portions of the trial court's charge to the jury. Defendant's arguments are unpreserved as a matter of law (CPL 470.05 [2]). Moreover, were we to reach these issues in the interest of justice, we would nevertheless affirm defendant's conviction.

The court's failure to charge, with respect to the burglary count, that defendant must have formed an intent to commit a crime at the time of the unlawful entry, does not constitute reversible error in this case. Unlike the situation in *People v Gaines* (74 NY2d 358), the defendant in this case did not proceed upon the theory that he formed an intent to commit a crime after he was inside the apartment, and presented no evidence which would reasonably lead to such inference, nor was there any reasonable view of the evidence that would lend itself to the conclusion that the defendant's intent to commit the crime was formed subsequent to his unlawful entry. *(See, People v Santana,* 172 AD2d 299.) The court's charge that no unfavorable inference arose from defendant's

failure to testify, in the absence of a request for such a charge by defendant, constitutes harmless error in light of the overwhelming evidence of defendant's guilt *(see, People v Vereen,* 45 NY2d 856).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.