**Caesar ALVAREZ, Petitioner,**

v.

**Charles SCULLY, Respondent.**

**90 Civ. 2047 (MJL).**

United States District Court,
S.D. New York.

Sept. 24, 1993.

See also 131 A.D.2d 980, 516 N.Y.S.2d 567.

Caesar Alvarez, pro se.

Robert Abrams, Atty. Gen., N.Y., New York City (Tyrone Mark Powell, Asst. Atty. Gen., of counsel), for respondent.

## MEMORANDUM AND ORDER

LOWE, District Judge.

Before the court is the Report and Recommendation addressing the application by *pro se* petitioner Caesar Alvarez ("Alvarez") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This application was referred to Magistrate Judge Sharon Grubin on March 20, 1991. The Magistrate Judge filed a Report and Recommendation ("R & R") on June 7, 1993, in which she advises that Alvarez' petition be denied. No objections to the R & R have been filed. For the reasons set forth below, the Court adopts the R & R in full.

Alvarez challenges the October 30, 1984 conviction and December 3, 1984 sentence imposed by the New York State Supreme Court. He was sentenced as a predicate felon to concurrent prison terms of 11 to 22 years on two counts of burglary in the first degree (Penal Law § 140.30), and 3–½ to 7 years on a count of assault in the second degree (Penal Law § 120.05). The conviction was affirmed in June of 1987, 516 N.Y.S.2d 567, and leave to appeal was denied in August of 1987, 70 N.Y.2d 708, 519 N.Y.S.2d 1043. Alvarez states the following grounds in support of this petition: (1) that his right to confrontation was violated by the trial court's exclusion of evidence potentially probative of the credibility of a witness for the prosecution; (2) that his due process rights and right to a fair trial were violated when the trial court improperly instructed the jury on the intent element of the crime of burglary; (3) that his due process rights and right to a fair trial were violated when the trial court erred in failing to instruct the jury about a mistake of fact defense to burglary; and, (4) that the imposed sentence was "harsh and excessive."

In addressing Alvarez' contentions, Magistrate Judge Grubin found that the trial court's ruling relating to confrontation was not unreasonable and, in any case, did not taint the trial. As to Alvarez' second argument, she found that the trial court properly charged the jury not to infer an "intent to commit a crime" merely on the basis of Alvarez' having committed a crime while entering or inside the apartment. She stated further that even if the jury was instructed that for the purpose of a burglary conviction "the intent to commit a crime" could be formed after unlawful entry onto a premises, Alvarez had failed to make the requisite showing in a habeas corpus petition that such error violated a right guaranteed by the federal Constitution. As for Alvarez' third contention, relating to the mistake of fact defense, Magistrate Judge Grubin agreed with the State's argument on appeal and found that such a defense was not preserved due to the failure of trial counsel to earlier raise this issue, and it is now not appropriately addressed in a habeas corpus petition. Lastly, Magistrate Judge Grubin pointed out that the sentence imposed was not excessive since it was within the guidelines prescribed by the New York State legislature for these classes of felonies committed by second felony offenders such as Alvarez. Accordingly, Magistrate Judge Grubin recommended that Alvarez' petition be denied.

■ As stated, no objections to the R & R have been filed. Where no objections have been timely filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. *See Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y. 1988); Fed.R.Civ.P. 72 advisory committee's note. Upon review of the findings of fact and conclusions of law contained in the R & R, the Court finds no clear error and adopts the R & R.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation by Magistrate Judge Grubin is adopted as the Opinion of this Court. The application for habeas corpus relief is denied, and the petition is dismissed in its entirety.

It is SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE MARY JOHNSON LOWE

GRUBIN, United States Magistrate Judge:

Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, entered upon a jury verdict on October 30, 1984 in the New York State Supreme Court, New York County (Cropper, J.), of two counts of burglary in the first degree, *see* N.Y. Penal Law §§ 140.-30(2), 140.30(3) (McKinney 1988), and one count of assault in the second degree, *see* N.Y. Penal Law § 120.05 (McKinney 1975). Petitioner was sentenced on December 3, 1984 as a predicate felon to concurrent prison terms of 11 to 22 years on the burglary counts and 3–½ to 7 years on the assault count. On June 11, 1987 the Appellate Division, First Department, affirmed the judgment of conviction without opinion, *People v. Alvarez*, 131 A.D.2d 980, 516 N.Y.S.2d 567, and on August 21, 1987 the New York State Court of Appeals denied leave to appeal, *People v. Alvarez*, 70 N.Y.2d 708, 519 N.Y.S.2d 1043, 513 N.E.2d 1311.

Viewing the facts in the light most favorable to the state (*see, e.g., Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Reddy v. Coombe*, 846 F.2d 866, 869 (2d Cir.), *cert. denied*, 488 U.S. 929, 109 S.Ct. 316, 102 L.Ed.2d 334 (1988); *Garcia v. Warden*, 795 F.2d 5, 6 (2d Cir. 1986)), the evidence at trial established that during the year and a half prior to March 1984, Linda and Virgil Williams lived in an apartment at 381 East 8th Street and paid "rent" to Mrs. Lee Lewis, believing that she was the owner of the building. In late February 1984, the New York City Department of Housing Preservation and Development ("HPD") instructed Mr. and Mrs. Williams not to pay further rent because the building was owned by the city and was officially vacant. On March 11 and 12, 1984, petitioner, who lived with Lewis in an adjoining apartment, came to the Williamses' apartment demanding the "rent." After Mr. and Mrs. Williams explained what they had been told, petitioner told them they would have to leave if they did not pay him. On March 13, 1984, sometime after 11:30 a.m. while Mrs. Williams was not at home, petitioner returned to the apartment, pounded on the door and told Mr. Williams he had two hours to get out or be thrown out. At about 5:00 p.m., after Mrs. Williams had returned to the apartment, petitioner again pounded on the door and demanded payment. After the Williamses refused to open the door, petitioner broke into the Williamses' apartment through a side door that joined their kitchen to petitioner's apartment. Petitioner shoved aside the refrigerator, which had been blocking that door, and brandished a foot-long silver crowbar. He pushed the 72–year–old Mr. Williams to the floor and threw a chair at him. He then attacked Mrs. Williams with the crowbar, repeatedly striking her on the head and upper body, and continued to demand the money. After petitioner left Mrs. Williams telephoned the police and her minister. The police later that day recovered the blood-stained crowbar from the floor of petitioner's apartment.

At petitioner's trial Mr. and Mrs. Williams each testified as to his various demands for payment of "rent," his forced entry into their apartment and his assault on Mrs. Williams. The police officer who arrested petitioner testified regarding the Williamses' physical condition upon his arrival at their apartment, the signs of forced entry from the adjoining apartment, his search of that apartment and his discovery there of the crowbar. Mrs. Williams' minister testified that, after he arrived on the scene and confronted petitioner in his apartment, he also saw the crowbar there.

On cross-examination, Mrs. Williams testified that following the breakup of an earlier marriage she had received psychiatric counseling during a two-year period in 1974–1976,

that she had not received psychiatric treatment at any other time, and that as the result of a 1982 neglect proceeding in Family Court she lost custody of her son from that marriage. Following Mrs. Williams' direct testimony, defense counsel renewed a request he had made prior to trial to subpoena the Family Court records pertaining to the neglect proceeding on the ground that they might contain pertinent evidence of more recent and extensive psychiatric treatment and, in the alternative, requested that the court inspect the records *in camera* to determine their materiality. The court denied the request on the ground of the records' lack of relevance to Mrs. Williams' credibility as a witness.[1]

The petition herein presents essentially the same four claims that were presented to the Appellate Division. They are: (1) Petitioner's right to confrontation was violated by the trial court's refusal either to sign a subpoena for the Family Court records or to inspect them *in camera* to determine whether they were material to Mrs. Williams' credibility at trial; (2) Petitioner's rights to due process of law and a fair trial were violated by the trial court's jury instructions on the element of intent for the crime of burglary; (3) Petitioner's rights to due process of law and a fair trial were also violated by the trial court's failure to instruct the jury on a "mistake of fact" defense to burglary; (4) Petitioner's sentence was "harsh and excessive." [2]

## DISCUSSION

*Ground (1)*

 Under the law of New York, a determination of the admissibility of evidence for purposes of impeachment is entrusted to the discretion of the trial court. *See, e.g., People v. Duncan,* 46 N.Y.2d 74, 80, 412

N.Y.S.2d 833, 837–38, 385 N.E.2d 572, 576 (1978), *cert. denied,* 442 U.S. 910, 99 S.Ct. 2823, 61 L.Ed.2d 275 (1979). Federal courts have no supervisory authority over state courts, *Chandler v. Florida,* 449 U.S. 560, 570, 582–83, 101 S.Ct. 802, 807, 813–14, 66 L.Ed.2d 740 (1981), and federal habeas corpus review of state criminal proceedings under 28 U.S.C. § 2254 is limited to errors of constitutional magnitude. *See, e.g., Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Donnelly v. DeChristoforo,* 416 U.S. 637, 642–43, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *Petrucelli v. Coombe,* 735 F.2d 684 (2d Cir.1984); *Mapp v. Warden,* 531 F.2d 1167, 1173 (2d Cir.), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976). Discretionary state court evidentiary rulings normally do not rise to a constitutional level so as to be cognizable in a federal habeas corpus proceeding absent a showing that the challenged rulings violated a specific constitutional right. *Underwood v. Kelly,* 692 F.Supp. 146, 150 (E.D.N.Y.1988), *aff'd,* 875 F.2d 857 (2d Cir.), *cert. denied,* 493 U.S. 837, 110 S.Ct. 117, 107 L.Ed.2d 79 (1989). *See also Vargas v. Hoke,* 664 F.Supp. 808, 812 (S.D.N.Y.1987); *Collins v. Scully,* 582 F.Supp. 1100, 1104–05 (S.D.N.Y.1984), *aff'd,* 755 F.2d 16 (2d Cir.1985); *McCormack v. Walters,* 550 F.Supp. 80, 81 (S.D.N.Y.1982); *Mitchell v. Smith,* 481 F.Supp. 22, 25 (E.D.N.Y.1979), *aff'd on other grounds,* 633 F.2d 1009 (2d Cir.1980), *cert. denied,* 449 U.S. 1088, 101 S.Ct. 879, 66 L.Ed.2d 814 (1981). An erroneous evidentiary ruling could rise to the level of a constitutional claim cognizable on a habeas petition if it were shown that the error so infected the proceedings as to have rendered a petitioner's trial fundamentally unfair. *Collins v.*

---

1. For the colloquies and the court's ruling on whether to subpoena or inspect the Family Court records, *see* Trial Transcript ("Tr.") at 49–52, 114–121.

2. Together with his petition, petitioner filed a motion asking this court either to permit discovery of the documents mentioned in his first ground for relief or to inspect them *in camera,* and a supporting affidavit, which argues (among other things) that, without those materials, cross-examination at trial did not reveal "sufficient

information to appraise the witness's veracity" and that "the trial court exceeded his discretion by not 'placing before the jury facts from which bias, prejudice or lack of credibility of [a prosecution] witness might be inferred." Petitioner's Affidavit ¶ 6 (quoting *United States v. Garrett,* 542 F.2d 23, 25 (6th Cir.1976)). For the reasons indicated in my rejection of petitioner's first ground for relief, I have denied this discovery request.

*Scully,* 755 F.2d 16 (2d Cir.1985); *Taylor v. Curry,* 708 F.2d 886, 891 (2d Cir.), *cert. denied,* 464 U.S. 1000, 104 S.Ct. 503, 78 L.Ed.2d 694 (1983); *Baker v. Reid,* 482 F.Supp. 470, 471 n. 2 (S.D.N.Y.1979). In this case, however, there is not even a threshold showing that the trial court's ruling was erroneous since it was not unreasonable for the trial court to conclude that the Family Court records pertaining to Mrs. Williams' neglect proceeding would not bear on her truthfulness as a witness, however much they might bear on other elements of her character. Moreover, even without Mrs. Williams' testimony, the testimony of Mr. Williams and the arresting officer provided overwhelming evidence of petitioner's guilt. In sum, Ground (1) of the petition must be rejected.

*Ground (2)*

██ Under New York law, a person is guilty of burglary in the first degree when, among other things, "he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein...." N.Y. Penal Law § 140.30 (McKinney 1988).[3] Although intent may be inferred from the circumstances of the case, *see People v. Mackey,* 49 N.Y.2d 274, 279–80, 425 N.Y.S.2d 288, 291, 401 N.E.2d 398, 401 (1980), and the prosecution need not establish the particular crime the intruder intended to commit, *see id.,* 425 N.Y.S.2d at 290–91, 401 N.E.2d at 401, the prosecution must prove that such intent existed at the time the intruder unlawfully entered or remained and not merely after he did so, *see People v. Gaines,* 74 N.Y.2d 358, 359–60, 363, 547 N.Y.S.2d 620, 621, 622–23, 546 N.E.2d 913, 914, 915–16 (1989).

In its main charge, the trial court repeatedly tracked the "enters or remains" language of the burglary statute. Thus, the court instructed the jury that

---

**3.** N.Y. Penal Law § 140.30 provides in pertinent part:

A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:

... it must be proved that at the time of his unlawful entry or when he was on—or when he unlawfully remained within the dwelling, the defendant intended to commit a crime within that dwelling.

Tr. 382; *see also id.* at 381, 384, 386, 547 N.Y.S.2d 620, 546 N.E.2d 913. Defense counsel had no exceptions or requests to the court's main charge. *Id.* at 393, 547 N.Y.S.2d 620, 546 N.E.2d 913. After it had begun deliberations, the jury requested that the court provide it with "a definition of each of the three charges" and specifically that it clarify the phrase "intent to commit a crime," stating, "it is unclear to us. Please define what crime is in this case or does the crime not have to be stated?" The court's supplemental instructions on the elements of burglary again tracked the statute's "enters or remains" language. *Id.* at 396, 397, 399, 547 N.Y.S.2d 620, 546 N.E.2d 913. With respect to "intent to commit a crime," the court instructed the jury as follows:

As I stated in my charge, the word "crime" as used in the definition of burglary in the first degree means a felony or a misdemeanor. The People are not required to specify or to prove that a defendant committed any particular felony or misdemeanor.... Rather, the People must prove that when the defendant entered unlawfully or remained unlawfully in the dwelling, he acted in such a manner as to permit the inference that he intended to engage in conduct constituting a felony or misdemeanor. From the manner of entry, a defendant's words and conduct while unlawfully entering a premises or while unlawfully remaining in a premises, it may be impossible to establish beyond a reasonable doubt that the defendant intended to commit any crime. In that event, such a defendant must be acquitted.

On the other hand, the manner of entry, a defendant's words and conduct while un-

---

1. Is armed with explosives or a deadly weapon; or
2. Causes physical injury to any person who is not a participant in the crime; or
3. Uses or threatens the immediate use of a dangerous instrument....

lawfully entering or unlawfully remaining in a premises may establish beyond a reasonable doubt that the defendant intended to commit a crime, but not the particular crime he intended to commit.

Now under such circumstances, the People's burden of proof as to the intent element will have been satisfied even though the particular crime that the defendant intended to commit was not proved. Of course, if it is found beyond a reasonable doubt that a defendant in fact committed a crime while unlawfully entering or unlawfully remaining in a dwelling, the People's burden will also have been satisfied.

*Id.* at 398–400, 547 N.Y.S.2d 620, 546 N.E.2d 913. Defense counsel took exception to the last sentence. The court, apparently to preserve a record of the defense counsel's objection, later described that objection as follows: "that [the instruction] did not make clear that the intention to commit a crime needed to be formed and in the mind of the person on entry and during the time they were there and that that crime had to be an intentional crime." *Id.* at 403, 547 N.Y.S.2d 620, 546 N.E.2d 913. The jurors were again recalled, and the court restated its supplemental charge in essentially the same terms, except for the final sentence:

And of course, if it is found beyond a reasonable doubt that a defendant in fact *intended to commit a crime and also in fact did commit that particular crime* while unlawfully entering or unlawfully remaining in a dwelling, the People's burden will also have been satisfied.

*Id.* at 402, 547 N.Y.S.2d 620, 546 N.E.2d 913 (emphasis added). Defense counsel again excepted to the last sentence of the supplemental charge, arguing that the instructions were not "sufficiently curative" of the indication "that the mere commission of a crime was sufficient to establish intent." *Id.* at 403, 547 N.Y.S.2d 620, 546 N.E.2d 913. The court refused to give any further instructions, stating that its revised charge corrected the matter to which defense counsel had objected. *Id.*

■ In order to obtain a writ of habeas corpus in federal court based on an error in the state court's instructions to the jury on a matter of state law, the petitioner must show that the error violated a right guaranteed by federal constitutional law. *Cupp v. Naughten,* 414 U.S. at 146, 94 S.Ct. at 400; *Casillas v. Scully,* 769 F.2d 60, 63 (2d Cir.1985); *see Blazic v. Henderson,* 900 F.2d 534, 540 (2d Cir.1990). The issue is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" *Cupp v. Naughten,* 414 U.S. at 146, 94 S.Ct. at 400, "but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 147, 94 S.Ct. at 400. *See Wright v. Smith,* 569 F.2d 1188, 1191 (2d Cir.1978); *Colon v. Smith,* 723 F.Supp. 1003, 1009 (S.D.N.Y. 1989). Thus, the Supreme Court has stated:

We have long recognized that a "mere error of state law" is not a denial of due process. *Gryger v. Burke,* 334 U.S. 728, 731 [68 S.Ct. 1256, 1258, 92 L.Ed. 1683] (1948). If the contrary were true, then "every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question." *Ibid.*

*Engle v. Isaac,* 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 1568 n. 21, 71 L.Ed.2d 783 (1982). *See also Victory v. Bombard,* 570 F.2d 66, 69 n. 3 (2d Cir.1978) ("The Supreme Court has made it clear that errors in instructions to the jury rarely rise to a constitutional level.")

■ In responding to a jury's request evidencing difficulties in comprehending the elements of an offense, the trial court is obligated to "clear [the difficulties] away with concrete accuracy." *Bollenbach v. United States,* 326 U.S. 607, 612–13, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). However, no error need be found where a supplemental charge is responsive to the jury's specific request for clarification. *United States v. Velez,* 652 F.2d 258, 262 (2d Cir.1981); *Grant v. Dalsheim,* 535 F.Supp. 1382, 1386–87 (S.D.N.Y. 1982). Even where error is found, reversal is not automatically warranted because the error must be assessed in the context of both the original and supplemental instructions as a whole. *United States v. Tillem,* 906 F.2d 814, 826 (2d Cir.1990); *United States v. Gengo,* 808 F.2d 1, 4 (2d Cir.1986); *Rock v. Coombe,* 694 F.2d 908, 915 (2d Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1773, 76

L.Ed.2d 345 (1983); *United States v. Velez*, 652 F.2d at 261.

▮ Petitioner repeats here the two arguments that he raised before the Appellate Division. First he argues that the supplemental charge erroneously permitted the jury to base its finding of his "intent to commit a crime" merely on proof beyond a reasonable doubt that he committed a crime while inside the apartment. Even if the last sentence of the court's first supplemental instruction could be seen by itself to have permitted the jury to base the element of intent for burglary merely on the commission of a crime inside the dwelling, when the court restated its supplemental instruction, revising that final sentence by adding "intended to commit a crime," the court cured any possibility that the jury might have found "intent to commit a crime" merely on the basis of defendant's having committed a crime while inside the apartment. Moreover, a review of the allegedly ailing instruction in the context of all the instructions as a whole further removes the question of any possibility of constitutional error. The trial court in its original charge, after a careful and proper explanation of intent generally, explained that "it must be proved that at the time of his unlawful entry or . . . when he unlawfully remained within the dwelling, the defendant intended to commit a crime within that dwelling" and that the proof must show that the defendant "was in the premises for the purpose of committing the crime," and it emphasized specifically that "the crime of burglary is separate and distinct from any crime which a person does commit within the dwelling." Tr. 382, 383; *see id.* 377–380. Accordingly, petitioner's claim with respect to the first supplemental instruction must be rejected.

▮ Second, petitioner argues that the trial charge erroneously permitted the jury to convict him of burglary even if he did not form "the intent to commit a crime" until *after* he had entered the apartment.[4] However, even if the instructions were erroneous for this reason as a matter of New York law,[5] petitioner has made no showing that the alleged error violated any right guaranteed by federal constitutional law. Indeed, it is difficult to conceptualize what constitutional problem would be presented by being found guilty of burglary for having formed an intent to commit a crime *after* unlawfully entering but *before* unlawfully remaining in a dwelling, rather than *before* unlawfully entering. In sum, Ground (2) of the petition should also be rejected.

### Ground (3)

▮ Petitioner argues that the court's failure to instruct the jury that he could not be convicted of burglary if he had a mistaken belief that he was licensed to be in the

4. It does not appear that this argument was raised at trial, since it goes well beyond defense counsel's expressed objections in the colloquies quoted above. Nonetheless, because petitioner did raise this argument before the Appellate Division, and the State did not argue in its response that he was procedurally barred from raising it on appeal, for purposes of our habeas review it appears that we should treat the Appellate Division's rejection of petitioner's appeal without opinion as a rejection of this argument on its merits. *Compare Quirama v. Michele*, 983 F.2d 12, 13–14 (2d Cir.1993) (where petitioner's procedural default is among the grounds raised by the State before the Appellate Division, its affirmance without opinion of a conviction should be presumed to rest on that adequate and independent state ground).

5. In *People v. Gaines*, the New York State Court of Appeals held that, in burglary cases involving an unlawful entry, defendant's "intent to commit a crime" at the time of *entry* must be proven, and it is an error for the trial court to charge "without elaboration, that the jury could find defen-

dant guilty of burglary if, at the time of his knowingly unlawful entry *or remaining*, defendant intended to commit a crime in the building." 547 N.Y.S.2d at 621, 546 N.E.2d at 914 (emphasis added). Even if we assume, *arguendo*, that *People v. Gaines* is retroactively applicable to the instructions at petitioner's trial, notwithstanding that it was decided five years after petitioner's trial and over two years after his conviction was final, in view of the overwhelming evidence that petitioner entered the Williamses' apartment with the intent to commit a crime, it is obvious that no "reversible" error even under New York law would have been committed in any event. *See People v. Martinez*, 173 A.D.2d 333, 575 N.Y.S.2d 474, 475 (1st Dep't 1991); *People v. Santana*, 172 A.D.2d 299, 568 N.Y.S.2d 604, 605 (1st Dep't), *app. denied*, 77 N.Y.2d 1000, 571 N.Y.S.2d 926, 575 N.E.2d 412 (1991); *People v. Rivera*, 171 A.D.2d 488, 567 N.Y.S.2d 229, 230 (1st Dep't), *app. denied*, 78 N.Y.2d 973, 574 N.Y.S.2d 953, 580 N.E.2d 425 (1991).

Williamses' apartment violated his rights to due process of law and a fair trial. Petitioner's trial counsel neither requested such an instruction nor objected to the charge on this ground, and the state on appeal expressly and correctly argued that this claim was unpreserved (as well as without merit). On the basis of *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Second Circuit in *Quirama v. Michele* recently reaffirmed the holding of *Martinez v. Harris*, 675 F.2d 51, 54–55 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), and held that where a claim is not raised in the trial court and a procedural bar is argued by the state on appeal, an affirmance without opinion by the Appellate Division is presumed to rest on that state procedural ground in the absence of any "good reason to question whether there is an independent and adequate state ground for the decision." *Quirama v. Michele*, 983 F.2d at 14 (quoting *Coleman v. Thompson*, —— U.S. at ——, 111 S.Ct. at 2559). Here, as in *Quirama v. Michele*, "[t]here is no 'good reason' to believe the Appellate Division's silence reflects a decision on the merits." *Id.* In the absence of any showing by petitioner of cause and prejudice, *see Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), this claim is therefore barred by the doctrine of procedural default.

*Ground (4)*

 Petitioner's claim that his sentence was excessive must be denied because it is well established that no constitutional issue is presented for habeas corpus relief where a sentence imposed falls within the range prescribed by state statutory law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992); *Hamilton v. Hood*, 806 F.Supp. 429, 434 (S.D.N.Y.1992); *Chisholm v. Henderson*, 736 F.Supp. 444, 449 (E.D.N.Y.1990), *aff'd*, 953 F.2d 635 (2d Cir.1991); *Diaz v. LeFevre*, 688 F.Supp. 945, 949 (S.D.N.Y.1988). As petitioner's sentence fell well within that prescribed by the New York legislature for class B felonies committed by second felony offenders, *see* N.Y. Penal Law §§ 70.06, 140.30 (McKinney 1975 and 1988), there is no basis for federal habeas relief on this ground.

*CONCLUSION*

For the above reasons, I respectfully recommend that your Honor deny this petition.

Copies of this Report and Recommendation have been mailed June 3, 1993 to the following:

> Mr. Caesar Alvarez
> 84 A 7534
> Fishkill Correctional Facility
> Box 307
> Beacon, NY 12508
> Tyrone Mark Powell, Esq.
> Assistant Attorney General
> 120 Broadway
> New York, NY 10271

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Mary Johnson Lowe, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Lowe. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Dated: New York, New York
June 3, 1993