THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY RAMOS, Appellant

The defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress certain statements he made to the police is meritless.

It is true that where the police know that a suspect is represented by counsel on pending charges, or where the police know that charges are pending but fail to make inquiry which would disclose that counsel has been assigned or retained, any custodial questioning of the suspect by them in counsel's absence is barred *(see, People v Lucarano,* 61 NY2d 138; *People v Fuschino,* 59 NY2d 91). However, it is likewise true that eliciting inculpatory statements from a suspect under noncustodial circumstances "involves no violation of [the] right to counsel even [where] the police are aware that [the suspect] has counsel on a prior unrelated charge" *(People v Farruggia,* 61 NY2d 775, 777; *see also, People v Bertolo,* 65 NY2d 111; *People v Johnson,* 61 NY2d 932). In the instant case, the finding of the hearing court that "it is inconceivable that a reasonable man, [innocent of any crime], would have deemed himself in custody on the evening of August 28, [1983] and the following morning", is supported by the record *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). Moreover, with respect to statements made by the defendant on June 24, 1984, we find that the hearing court properly determined that the defendant had been given his *Miranda* warnings and that he had voluntarily and intelligently waived those rights.

We reject the defendant's claim that it was error for the trial court to submit to the jury the crime of manslaughter in the first degree as a lesser included offense of the crime of murder in the second degree. Such an instruction was requested by the People and there was a reasonable view of the evidence to support a finding that the defendant had committed the lesser offense but had not committed the greater *(see,* CPL 300.50 [1], [2]). Furthermore, because the defendant agreed to accept a partial verdict from the jury and, in fact, opposed the People's rejection of that verdict, we find that he has waived any claim regarding the propriety of the trial court's permitting the jury to render a verdict on the lesser included offense of manslaughter in the first degree when it was deadlocked on the count of murder in the second degree.

Viewing the entirely circumstantial evidence in a light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom *(see, People v Way,* 59 NY2d 361; *People v Montanez,* 41 NY2d 53), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, as the facts from which the inference of his guilt is drawn, when perceived as a whole, are inconsistent with his innocence and exclude to a

moral certainty every other reasonable hypothesis *(see, People v Lewis,* 64 NY2d 1111; *People v Way, supra; People v Barnes,* 50 NY2d 375). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

To the extent that the prosecutor's inquiry on cross-examination was improper, any prejudice suffered by the defendant was harmless, and did not deprive him of a fair trial *(see, People v Crimmins,* 36 NY2d 230).

Further, the sentence imposed evinces neither an improvident exercise of discretion nor a failure to observe sentencing principles on the part of the sentencing Judge, and does not warrant appellate modification *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.