■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LINTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered May 11, 1988, convicting him of murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of February 10, 1987, Yvonne Linton was murdered by a gunman who crashed his way through the living room window of her house and shot her at least five times. He also fired two shots at her companion who escaped through a bathroom window. The defendant, her estranged

husband, was charged with the shootings. Since his identity as the perpetrator was largely circumstantial and had not been conclusively established, the People sought to identify him as the culprit by proof of other crimes and bad acts probative of his motive and intent to kill his wife *(see, People v Allweiss,* 48 NY2d 40, 47; *People v Benham,* 160 NY 402; *People v Ciervo,* 123 AD2d 393).

It is well settled that, "where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" *(People v Santarelli,* 49 NY2d 241, 247; *see, People v Allweiss, supra; People v Molineux,* 168 NY 264). Evidence of other crimes or bad acts may be admitted to show, *inter alia,* motive, intent, the absence of mistake or accident, a common scheme or plan or the identity of the guilty party *(see, People v Molineux, supra,* at 293). These *Molineux* exceptions are, however, subject to limitations. The evidence must not only be probative of the crime charged but its probative value must outweigh its potential for prejudice. Furthermore, the evidence must be directly related to the issue upon which it is offered or must be "inextricably interwoven" *(People v Ely,* 68 NY2d 520, 529) with directly related material and it must not be unnecessary or merely cumulative *(see, People v Ely, supra,* at 529-530).

In this case, the People presented evidence of prior bad acts and threats which the defendant made against his wife during the two-year period preceding her murder. The evidence disclosed the extremely stormy and violent marital relationship between the defendant and the victim. This included an incident just prior to the wife's departure from the marital home, in which the defendant threatened her with a gun. The record also included evidence of the wife's escalating fear of being killed and her procurement of an order of protection. Our review of the record indicates that all of the *Molineux* evidence adduced was highly probative of the defendant's motive and was either directly related to or "inextricably interwoven" *(People v Ely, supra,* at 529) with the issue of his identity as the killer. Furthermore, contrary to the defendant's contention, we find that the testimony of the social workers who met with the victim at a shelter where she had previously lived was not cumulative. Each social worker had a different relationship and experience with the victim and testified concerning different dates and events.

We further find that the court acted properly in holding the *Molineux* hearings *seriatim*. The hearings were held and the rulings were made outside the presence of the jury, and the circumstances of the case supported the trial court's decision to make individual rulings just before each witness testified *(see, People v Ventimiglia,* 52 NY2d 350, 362).

The victim's statement, "Michael, you murderer, you murderer," heard by her aunt during a telephone conversation, was properly admitted in evidence under the excited utterance exception to the hearsay rule *(see,* Richardson, Evidence §§ 281, 282 [Prince 10th ed]; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). This statement was made over the telephone by the victim contemporaneously with the shooting. The statement was a spontaneous response to the defendant's acts of violently smashing through her window and opening fire. The surrounding circumstances reasonably justify the conclusion that the statement was not the product of studied reflection *(see, People v Brown,* 70 NY2d 513, 519) and possessed a high degree of trustworthiness *(see, People v Caviness,* 38 NY2d 227, 231).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see, People v McAllister,* 143 AD2d 687; Penal Law § 70.25; *see also, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56; *People v Brathwaite,* 63 NY2d 839). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.