OPINION OF THE COURT
Hancock, Jr., J.
Defendant was convicted after a jury trial of second *557 degree manslaughter (Penal Law § 125.15 [1]), second degree assault (Penal Law § 120.05 [2]), and fourth degree criminal possession of a weapon (Penal Law § 265.01 [2]). His sole contention on appeal is that the court’s jury charge on the defense of justification (Penal Law § 35.15) employed an improper standard for determining the reasonableness of defendant’s belief that it was necessary to use deadly physical force. We agree with defendant that the trial court’s instruction failed to satisfy fully the requirements of Penal Law § 35.15 as explained in People v Goetz (68 NY2d 96, 112-115). Section 35.15 requires an assessment of reasonableness which must be determined from the point of view of the particular defendant under the standard of a reasonable person in defendant’s circumstances at the time of the incident. Accordingly, there should be a reversal and a new trial.
I
In an indictment dated November 8, 1985, defendant was charged with the second degree murder of Eric Stone, the second degree assault of Keith Robinson, and fourth degree criminal possession of a weapon. The trial testimony, viewed in a light most favorable to defendant (see, People v Collice, 41 NY2d 906), revealed that defendant, a 19-year-old college student, was on the porch of a house in Buffalo with Diane Jackson, Jelean McMillan, and Arlene Woods. Woods, who had a knife in her possession, got into an argument with Jackson. The argument continued as Jackson and Woods walked away from each other. Suddenly, Woods doubled back after Jackson and threatened to stab her. Defendant managed to get the knife away from Woods and placed it in a paper bag.
At about that time, three male teen-agers arrived on the scene. Two of these youths — Eric Stone and Keith Robinson— began calling defendant "faggot” and Woods a lesbian. Despite defendant’s pleas to be left alone, Stone, Robinson and others continued shouting epithets at defendant as he walked down the street. Stone and Robinson also threatened defendant, saying "We’ll Tuck’ you up” and "We’ll kick your ass”.
Stone left the scene for a few minutes and returned carrying a stick (sometimes referred to as a pipe), 2 to 2 Vi feet in length and 1 to 3 inches in diameter. After more argument, Stone struck defendant with the stick, and defendant stabbed him in the chest. Stone fell to the ground and dropped the *558 stick. Robinson then picked up the stick and began chasing defendant out of the area where the stabbing had taken place. When Robinson returned, he had been stabbed in the hand. Stone died as a result of the stab wound. Defendant was arrested several hours later.
At the precharge conference, the Trial Judge declined to give the defense’s proposed justification charge, stating that the proposed charge was not required under People v Goetz (68 NY2d 96, supra). The Judge told both attorneys that he would charge in accordance with Goetz, but was unable at that time to state the precise language. The following is that portion of the court’s charge under section 35.15 which pertains to the requirement of reasonableness:
“You have heard the conflicting stories told by the witnesses as to what actually happened, and you must consider these stories under the rules of law as I have explained them to you. Having decided in your own minds that what truly occurred, you must then decide whether there was legal justification for the Defendant’s alleged acts.
In order to find justification for the Defendant’s acts, you must find that he believed his conduct necessary to defend himself from what he reasonably believed to be an unprovoked physical assault against himself even if he was mistaken in his conclusion that the victim was about to assault him. As long as he reasonably believed that such assault was about to take place, he was justified in using physical force to repel such an assault. If from all of the testimony you have heard, you believe that the victim’s conduct was provoked by the Defendant himself with an intent to cause a physical injury to the victim, or that the Defendant was the initial aggressor in the altercation, then such conduct was not legally justifiable to warrant a verdict of not guilty.”
The defense exception stated, among other things, that the charge “did not direct the jury to place themselves, or a reasonable person in [defendant’s] place, and the Goetz decision states * * * a reasonable person * * * is now the standard, but there still is that subjective element * * * and you’re looking at it from [defendant’s]point of view” (emphasis added). The jury convicted defendant of second degree manslaughter, second degree assault, and fourth degree criminal *559 possession of a weapon. The Appellate Division affirmed and a Judge of this Court granted defendant leave to appeal.
II
In People v Goetz (68 NY2d 96, supra), we concluded that section 35.15 "retains an objective element” (People v Goetz, supra, at 112) for assessing the reasonableness of defendant’s belief in the necessity for use of deadly force. But, in rejecting the argument that the standard of reasonableness should be purely subjective, we emphasized that the statute requires a determination of reasonableness that is both subjective and objective (id., at 113-115). The critical focus must be placed on the particular defendant and the circumstances actually confronting him at the time of the incident, and what a reasonable person in those circumstances and having defendant’s background and experiences would conclude (see, 1 CJI[NY] PL 35.00, Introductory Comment, at 848-849).
To determine whether a defendant’s conduct was justified under Penal Law § 35.15, a two-step inquiry is required. The jury must first determine whether defendant actually believed that deadly physical force was necessary (see, People v Goetz, supra, at 115). If the People fail to meet their burden of proving that defendant did not actually believe that the use of deadly physical force was necessary, then the jury must move to the second step of the inquiry and assess the reasonableness of this belief (id., at 115).
We held in Goetz that Penal Law § 35.15 requires a jury to consider both subjective and objective factors in determining whether a defendant’s conduct was reasonable. We stated that "a determination of reasonableness must be based on the 'circumstances’ facing a defendant or his 'situation’ * * * [A] jury should be instructed to consider this type of evidence in weighing the defendant’s actions.” (Id., at 114-115.) Evidence of a defendant’s "circumstances” includes relevant knowledge that the defendant may have had about the victim, the physical attributes of all those involved in the incident, and any prior experiences that the defendant may have had "which could provide a reasonable basis for a belief that another person’s intentions were to injure or rob him or that the use of deadly force was necessary” (id., at 114).
III
In this case, the jury was never instructed that they should *560 assess the reasonableness of defendant’s belief that he was in deadly peril by judging the situation from the point of view of defendant as though they were actually in his place. They were never told, in words or substance, that in deciding the question of reasonableness they “must consider the circumstances [that] defendant found himself in” (id., at 113) as well as defendant’s background and other characteristics and the attributes of the other persons involved (id., at 114). The Trial Judge’s repetition of the word "reasonable” and the phrase "reasonably believed” was not sufficient to inform the jurors that they should assess defendant’s circumstances from defendant’s position. The charge did not direct the jury’s attention to the factors that we outlined in Goetz as critical to the jury’s consideration of the defendant’s circumstances, and did not inform the jurors that they should mentally place themselves in defendant’s circumstances when judging reasonableness.
We are unpersuaded by the People’s contention that a subjective element was sufficiently injected into the charge on reasonableness in the court’s instruction that the jury must consider "the conflicting stories told by the witnesses” in deciding what truly occurred. This instruction was no more than a reiteration of the general charge to the jury on its duty to resolve conflicts in the testimony and it was not related to the particular instruction on justification which followed.
The People’s alternative argument that the deficiency in the justification charge should be treated as harmless error is unavailing. Consideration of the factors required by Goetz (see, People v Goetz, supra, at 113-115), including defendant’s background and characteristics and the circumstances confronting him at the time of the incident — given the heightening tensions and the threats and epithets — might have been significant in the jury’s assessment of the reasonableness of defendant’s belief that he was in peril. In view of the sharply conflicting testimony of the witnesses, we cannot say that the proof of guilt was so forceful and compelling that, had a proper and complete justification instruction been given, the result would not have been different (see, People v Crimmins, 36 NY2d 230, 241-242).
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.