■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY SPITTLER, Appellant.—Judgment unanimously modified on the law and as modified affirmed and new trial granted on count one of the indictment, in accordance with the following memorandum: The indictment charges defendant with one count of assault in the second degree (Penal Law § 120.05 [2]) and one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). It is alleged that defendant twice struck the victim with a "billy". At trial, the jury rejected the defense theory that defendant's conduct was justified, and found him guilty of both charges.

Initially, we find that the evidence, viewed in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437) is legally sufficient to support both convictions. Defendant's assault conviction must be reversed, however, because the trial court's charge on justification *(see,* Penal Law § 35.15) failed properly to instruct the jurors "to consider both subjective and objective factors in determining whether [the] defendant's conduct was reasonable" *(People v Wesley,* 76 NY2d 555, 559; *see, People v Goetz,* 68 NY2d 96, 114-115). Specifically, the jurors were not instructed that they should assess the reasonableness of defendant's beliefs "by judging the situation from the point of view of defendant as though they were actually in his place" *(People v Wesley, supra,* at 560).

Defendant also contended that his conduct in striking the victim was justified under Penal Law § 35.20 (1); §§ 35.25 and 35.30 (4). Reviewing the record in the light most favorable to defendant (see, People v Watts, 57 NY2d 299, 301), we find that the court erred in refusing defendant's requests that the jury be instructed regarding the provisions of those statutes.

Neither the error in the court's charge under Penal Law § 35.15 nor the errors in refusing to charge on the subject of justification under the other cited Penal Law sections may be viewed as harmless (see, People v Crimmins, 36 NY2d 230, 240-241; see also, People v Padgett, 60 NY2d 142, 144-145).

There are no circumstances, however, under which the justifiable use of force can be a defense to the crime of criminal possession of a weapon (see, People v Pons, 68 NY2d 264, 267). Thus the court's errors bear no relationship to defendant's conviction for that crime, and the conviction is, therefore, affirmed.

Defendant's other claims of error concerning the court's charge to the jury on the assault count are unpreserved for review (see, CPL 470.05 [2]). We have reviewed the other issues raised by defendant on appeal and find them to be without merit.

Accordingly, the judgment must be modified by reversing defendant's conviction for assault in the second degree, vacating the sentence imposed thereon, and granting a new trial on that count of the indictment. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—assault, second degree.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.