■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY MADDEN, Appellant.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), rendered November 10, 1983, convicting defendant, after jury trial, of murder in the second degree, and sentencing defendant to an indeterminate term of imprisonment from 15 years to life, unanimously affirmed.

Defendant and the deceased engaged in a fistfight during which the defendant was severely beaten. Afterward, the defendant returned with an unidentified friend. The fight continued between the deceased and defendant's unidentified companion, and was observed initially by two grocery store clerks, and thereafter by another witness who observed the fight from a second story window. This latter witness, who did not observe the stabbing, testified that there were only three people on the street at the time, that the deceased was engaged in combat with an individual who was not the defendant, and that the third individual removed a "very long" knife from his jacket and rushed toward the combatants.

The deceased was pronounced dead at the scene. An autopsy revealed a ten and one-half inch deep stab wound with an abrasion collar, indicating that the instrument had been

driven into the victim's body to the hilt. The instrument punctured both lungs, the aorta and vena cava.

Defendant, who confessed to the stabbing, raised the defense of justification. He argues, on this appeal, that the trial court should have emphasized, in its charge to the jury, that the situation must be "viewed from the eyes of the defendant." Penal Law § 35.15 requires an assessment of reasonableness which must be determined from the point of view of the particular defendant under the standard of a reasonable person in the circumstances facing the defendant at the time of the incident *(People v Wesley,* 76 NY2d 555; *People v Goetz,* 68 NY2d 96, 112-115). In this case, the trial court charged the jury to use their common sense in considering, "what manifestations of threat and harm were being conveyed to defendant and when and whether there were means available to protect himself or a third person or to retreat in safety". While the trial court, ideally, could have gone further in outlining the subjective elements to be considered, under the circumstances of this case, the charge fairly comported with the requirements of Penal Law § 35.15.

With respect to the trial court's refusal to charge the jury with second degree or reckless manslaughter, the jury was charged with the lesser included crime of manslaughter in the first degree. A reasonable view of the evidence does not support the charge requested by the defendant.

We have considered defendant's remaining arguments, and find them to be without merit. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.