■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY CARVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered December 8, 1988, convicting him of murder in the second degree and arson in the first degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 22 years to life on the murder count and 18 to life on the arson count.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed are to run concurrently; as so modified, the judgment is affirmed.

Contrary to the defendant's contention the trial court did not err in admitting the testimony regarding the defendant's previous threats and assaults against the victim. The testimony was relevant to the defendant's motive and intent (see, People v Allweiss, 48 NY2d 40; People v Shorey, 172 AD2d 634; People v Linton, 166 AD2d 670). Moreover, since the evidence, without this testimony, might have been insufficient to demonstrate that the defendant acted with a particular state of mind, the trial court properly determined that the probative value of the evidence outweighed its potential for prejudice (see, People v Alvino, 71 NY2d 233; People v Allweiss, supra). We note that any potential prejudice to the defendant was

mitigated by the trial court's instructions to the jury that they were to utilize the testimony for the limited purpose of determining the defendant's motive and intent *(see, People v Berg,* 59 NY2d 294; *People v Mulgrave,* 163 AD2d 538; *People v Massene,* 137 AD2d 624).

Nor do we find that the defendant was deprived of a fair trial by the trial court's charge to the jury on circumstantial evidence. Although the trial court did not use the words "moral certainty", it did instruct the jury that it must find that the inference of guilt was the only one that could be fairly and reasonably drawn from the evidence and that the evidence had to exclude, beyond a reasonable doubt, every reasonable hypothesis but that of guilt. Accordingly, the charge adequately informed the jury as to the People's burden of proof *(see, People v Ford,* 66 NY2d 428; *People v Sanchez,* 61 NY2d 1022; *People v Schoenberger,* 151 AD2d 520).

The defendant's challenge to the verdict as repugnant is unpreserved for appellate review. The defense counsel opposed the attempts of both the trial court and the prosecutor to resubmit the verdict to the jury for further deliberations *(see, People v Alfaro,* 66 NY2d 985; *People v Cruz,* 175 AD2d 212; *People v Ramos,* 140 AD2d 464). In any event, in light of the trial court's instructions, the acquittal on the felony murder count was not repugnant with the conviction for arson *(see, People v Goodfriend,* 64 NY2d 695; *People v Tucker,* 55 NY2d 1).

We find the sentence was excessive to the extent indicated *(see, People v Brathwaite,* 63 NY2d 839; *People v Derhi,* 110 AD2d 709; *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.