■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPHINE KOPERA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) for stabbing her former boyfriend with a butcher knife. Defendant contends that County Court erred in its instructions pertaining to her defense of justification. Since there were no objections to the court's charge, any alleged errors have not been preserved for our review (CPL 470.05 [2]).

We agree with defendant, however, that the court did not sufficiently instruct the jury with respect to the reasonable belief element of the justification defense (Penal Law § 35.15 [2]) and failed properly to instruct the jurors that they should "consider both subjective and objective factors in determining whether [the] defendant's conduct was reasonable" *(People v Wesley,* 76 NY2d 555, 559; *see also, People v Goetz,* 68 NY2d 96, 114-115; *People v Spittler,* 168 AD2d 919, *lv denied* 77 NY2d 882). Although the charge on justification was inadequate, that inadequacy does not warrant reversal in the interest of justice because there was strong evidence of guilt to rebut defendant's justification defense *(see, People v Comfort,* 113 AD2d 420, 426, *lv denied* 67 NY2d 760; *People v Swinson,* 111 AD2d 275, 276-277, *lv denied* 66 NY2d 922; *People v Gutierrez,* 105 AD2d 754; *People v Gonzalez,* 80 AD2d 543).

The victim of the assault testified that he was asleep on the couch when defendant stabbed him. Defendant, in her statement to the police, admitted that she stabbed the victim when he rolled over onto his side. Likewise, in her testimony at trial, defendant admitted stabbing the unarmed victim when he rolled over, but claimed that she did not stab him intentionally. Viewing the evidence in the light most favorable to the People, we conclude that there was strong evidence of guilt before the jury to rebut the justification defense. Thus, the court's instructions on justification do not warrant reversal in the interest of justice *(People v Comfort, supra).*

We have reviewed all other errors alleged by defendant in her brief and in her *pro se* supplementary brief and conclude that they have no merit. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Assault, 1st Degree.) Present— Callahan, J. P., Green, Pine, Lawton and Davis, JJ.