■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO BAEZ, Appellant. [602 NYS2d 180] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 6, 1990, convicting him of murder in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from an incident outside the Skyway Hotel in the early morning hours of March 24, 1989. The People's witnesses testified that the defendant was

observed peering into a car parked outside the hotel's bar. At least two witnesses saw the defendant try the car's door handles. When confronted by the car's owner, and several bar patrons, the defendant assaulted one individual with a beer bottle and subsequently fatally wounded another with a screwdriver the defendant apparently had concealed on his person.

The trial court properly allowed evidence of an uncharged crime to be admitted on the People's direct case to establish the defendant's intent in connection with the charge of possession of burglar's tools (see, People v Alvino, 71 NY2d 233, 241). "[S]ince the evidence, without this testimony, might have been insufficient to demonstrate that the defendant acted with a particular state of mind, the trial court properly determined that the probative value of the evidence outweighed its potential for prejudice" (People v Carver, 183 AD2d 907). The court's instructions limiting the use of this evidence mitigated any potential prejudice to the defendant (see, People v Berg, 59 NY2d 294; People v Carver, supra).

The defendant's claim that he has been denied the effective assistance of appellate counsel is premature.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.