■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant. [607 NYS2d 681] —Judgment, Supreme Court, New York County (James Leff, J.), rendered January 9, 1991, convicting defendant, after jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 12½ to 25 years, to run consecutively with a term of 3 to 6 years for violation of probation, unanimously affirmed.

The trial court properly denied defendant's request for a

jury charge that defendant would be justified in using deadly physical force against the deceased upon a finding that defendant reasonably believed the deceased was about to commit a robbery against defendant. Defendant's own testimony was that, believing the victim approached for the purpose of beating him, he shot at the victim from a distance of approximately one car length, without any indication from the victim that he intended to rob defendant. In these circumstances, a finding that a robbery was imminent would be unreasonable, and thus the requested charge was properly denied (see, People v Rivera, 138 AD2d 169, 174, lv denied 72 NY2d 923).

The charge as a whole conveyed the appropriate legal principles (People v Coleman, 70 NY2d 817, 819). While the trial court, ideally, could have gone further in outlining the subjective elements to be considered, under the circumstances of this case, where lengthy testimony and summations detailed such elements, and the trial court directed the jury's attention to the respective arguments in the context of instructing that the relevant determination must be made by consideration of all competent evidence, including defendant's background, knowledge, and experience, as well as the particular circumstances in which defendant found himself, the charge, in substance, appropriately directed the jury's attention to the subjective factors involved (People v Wesley, 76 NY2d 555), and fairly comported with the requirements of Penal Law § 35.15 (see, People v Madden, 171 AD2d 558, 559, lv denied 78 NY2d 969).

We perceive no abuse of discretion in sentencing. Concur— Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.