(February 24, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD C. DAVIS, Appellant. [608 NYS2d 348] —Yesawich Jr., J.

Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered December 12, 1989, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

In 1985 defendant became involved in an altercation with his cousin, Melvin Merritt, in the course of which Merritt received six stab wounds from which he later died. Defendant was convicted of manslaughter in the first degree; that conviction was overturned, however, because County Court had improperly refused to charge the jury with regard to the lesser included offense of manslaughter in the second degree (142 AD2d 791). A new trial has since been had and defendant has been convicted of that lesser offense. Sentenced to an indeterminate term of incarceration of between 5 and 15 years, defendant appeals.

The overriding issue presented by this appeal is whether County Court's instructions to the jury with respect to the justification defense (Penal Law § 35.15)—defendant maintained at trial that he acted in self defense—were deficient.[1] When the facts of a case warrant instructing the jury on the defense of justification, as they do here, the court's charge must give appropriate guidance to assist the jury in evaluating, by the correct standard, whether the defendant reasonably believed that it was necessary for him to use physical force to defend himself (see, Penal Law § 35.15; *People v Wesley*, 76 NY2d 555, 559-560). The jury must be charged to consider both objective and subjective factors in determining whether the defendant's belief was reasonable. As the Court of Appeals has counseled, "critical focus must be placed on the particular defendant and the circumstances actually confronting him at the time of the incident, and what a reasonable person in those circumstances and having defendant's background and experiences would conclude" (*People v Wesley, supra,* at 559).

The instruction given here[2]—which merely directed the jury

---

1. We have considered, and found meritless, the People's contention that this issue was not preserved for review. By expressly requesting that County Court employ specific language in its charge, which it declined to do, defendant effectively registered his objection to the charge as given (see, CPL 470.05 [2]).

2. The pertinent part of County Court's charge reads as follows:

"I charge you that no act and no provocation and no threat or menace may under the law justify the use of deadly physical force except within the limitation prescribed by law. Deadly physical force is justified in defense of

to determine "[w]hat is a reasonable belief" in accordance with the facts "as they appear in the evidence"—failed to meet these requirements. It contained no explanation of *how* the reasonableness of defendant's belief was to be judged and, most importantly, did not apprise the jury of the need to consider defendant's background, or the circumstances as they would have appeared to him, when assessing the reasonableness of the belief he may have entertained *(see, People v Goetz,* 68 NY2d 96, 114). Although the jury was told that it was to consider testimony relating to prior violent conduct by Merritt "as bearing upon the state of mind of [defendant] at the time of the incident", no explanation was given as to how his state of mind was to be factored into the evaluation of the justification defense.

This error was not harmless. In addition to his own testimony, wherein he stated that Merritt had produced the knife and that the wounds had been inflicted during the struggle, defendant also produced several other witnesses whose testimony corroborated his version of the incident. Among them were a man who testified that a knife had disappeared from his premises shortly after Merritt had visited him, and a medical expert who opined that Merritt's wounds were consistent with the type of injuries that could be inflicted in a struggle of the kind depicted by defendant. As the prosecution and defense witnesses furnished contradictory accounts of the confrontation, the verdict, of necessity, depended to a large degree upon the credibility of the witnesses. Given the jury's finding that defendant acted recklessly, rather than intention-

---

oneself or of another person only when the defendant reasonably believes that the menacing person is using or is about to use deadly physical force. It should be noted that it need not be proved that such deadly physical force was actually used or about to be used. Thus, where in a tense situation a person makes a gesture which appears to be reaching for a concealed gun, one need not wait for the actual production of such a gun before taking defense action even of a deadly nature.

"What is a reasonable belief under the facts as they appear in the evidence must be determined by you the jurors as judges of the facts. Even in these situations, however, the use of deadly physical force in defense is not justified when the rule of retreat applies, that is, the defendant can't use deadly physical force if he knows that he can with complete safety to himself avoid the necessity of using deadly physical force by retreating or leaving the area.

"In this case, there has been some testimony by witnesses as to instances of alleged violent conduct by the deceased Melvin Merritt. The testimony of those witnesses is to be considered as bearing upon the state of mind of [defendant] at the time of the incident in the park, but for no other purpose."

ally (see, Penal Law § 125.15 [1]; § 125.20 [1]), which is some indication that it did not entirely reject defendant's account of the altercation, we cannot say that, had the jury been properly instructed, the outcome would have been the same (see, People v Wesley, 76 NY2d 555, 560, supra).

A new trial being necessary, we think it appropriate to point out that several of defendant's claims of prosecutorial misconduct, particularly those involving attempts by the prosecutor to compel defense witnesses to state that the People's witnesses were lying (see, People v Ely, 164 AD2d 442, 446, lv denied 77 NY2d 905), appear to have merit.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Rensselaer County for a new trial.