■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GREEN, Appellant. [620 NYS2d 25] —Judgment unanimously affirmed. Memorandum: Supreme Court did not err in sentencing defendant as a persistent violent felony offender. The People's statement, filed as required by CPL 400.16 (2), set forth two prior violent felony convictions and, because the People were relying upon the tolling provision of Penal Law § 70.04 (1) (b) (v), also set forth "the date of commencement and the date of termination as well as the place of imprisonment for each period of incarceration to be used for tolling of the ten year limitation" (CPL 400.15 [2]; *see, People v Johnson,* 196 AD2d 408, 410, *lv denied* 82 NY2d 806). The periods of time during which defendant was imprisoned tolled the statute sufficiently to bring both prior convictions within the 10-year limitation. Defendant did not controvert the convictions, and his unsupported assertion that he was not incarcerated during all of the times alleged by the People was not a "clearly articulated challenge" to a particular allegation *(People v Jones,* 183 AD2d 471, *lv denied* 80 NY2d 896; *see also, People v Sailor,* 65 NY2d 224, 235, *cert denied* 474 US 982). Consequently, the allegations of the statement were properly deemed admitted *(see,* CPL 400.15 [3]).

Defendant failed to preserve for review his challenges to the propriety of the trial court's charge *(see,* CPL 470.05 [2]; *People v Kopera,* 184 AD2d 1007, *lv denied* 80 NY2d 905), and we decline to review them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.