■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENYA IRVING, Appellant. [650 NYS2d 651] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered September 20, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of $8^1/_3$ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence that would support a finding that defendant reasonably believed the deceased was about to commit a robbery against defendant, and thus the requested justification charge was properly denied (*People v Watts*, 57 NY2d 299, 301; *People v Brown*, 201 AD2d 438, *lv denied* 83 NY2d 964). Nor was there a reasonable view of the evidence that defendant acted recklessly and did not intend to cause serious physical injury to the deceased. The evidence at trial, including defendant's own testimony, in which he admitted intentional conduct, negated any theory of recklessness; therefore the court properly refused to charge the jury on second degree manslaughter as a lesser included offense (*People v Gordon*, 222 AD2d 372, *lv denied* 88 NY2d 936).

The court did not violate defendant's right to be present during sidebar questioning of prospective jurors on matters of bias or prejudice (*People v Antommarchi*, 80 NY2d 247, 250). Defendant waived his right to attend sidebar conferences with the understanding that if defense counsel requested defendant's

presence at any sidebar, permission would be granted. In any event, there was no need for defendant's presence at the particular sidebar that he now claims he should have attended. At the sidebar in question, a correction officer who believed he recognized defendant from his neighborhood or from a correction facility, and said he could not be fair in a murder case, was excused on consent. Thus, any benefit defendant could possibly claim from his presence at that sidebar would have been " ' "but a shadow" ' " and " 'speculative' " (*People v Roman*, 88 NY2d 18, 26).

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.