Walter SUTTON, Petitioner,

v.

Victor HERBERT, Superintendent, Respondent.

No. 98 Civ. 0088(WCC).

United States District Court, S.D. New York.

Feb. 10, 1999.

Walter Sutton, Collins, NY, petitioner, pro se.

Michael E. Bongiorno, District Attorney, Rockland County, New City, NY (Ann C. Sullivan, Senior Asst. District Attorney, of counsel), for respondent.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Petitioner Walter Sutton brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn his conviction in County Court, Rockland County, for Manslaughter in the Second Degree. Petitioner contends that his conviction should be overturned because: 1) the trial court improperly allowed the prosecutor to admit hearsay evidence regarding uncharged crimes; 2) remarks made by the prosecutor during summation deprived him of due process under the Fourteenth Amendment to the United States Constitution; and 3) the trial court improperly denied his request that the jury be instructed on the defense of justification.[1] Because petitioner's claims raise no federal constitutional issues, his § 2254 habeas petition is dismissed.

### BACKGROUND

Petitioner seeks to set aside a December 1, 1992 judgment of the County Court, Rockland County (Nelson, J.), convicting him, after a jury trial, of Manslaughter in the Second Degree (New York Penal Law § 125.15). Petitioner was sentenced to an indeterminate term of from 5 to 15 years imprisonment on the manslaughter conviction. Petitioner is incarcerated pursuant to that judgment. Petitioner's conviction arose from the stabbing death of his girl-

friend Karen Rose ("victim" or "Ms. Rose") on October 30, 1991. The prosecution argued at trial that petitioner, having left the home he shared with Ms. Rose following an earlier argument, returned and stabbed her in the chest and forearm.

Subsequent to sentencing, petitioner filed an appeal of his conviction to the Appellate Division, Second Department, where he argued, inter alia, that the trial court improperly permitted introduction of hearsay testimony consisting of uncharged crime evidence, that the prosecutor's summation was improper, that the trial court erred in denying defendant's request for a charge to the jury on the defense of justification, and that his sentence was excessive. Each of these claims is essentially repeated here by petitioner in his § 2254 petition for writ of habeas corpus. The Appellate Division unanimously affirmed petitioner's conviction by Decision and Order on October 23, 1995. *People v. Sutton,* 220 A.D.2d 705, 632 N.Y.S.2d 978 (1995), 220 A.D.2d 705, 632 N.Y.S.2d 978. Petitioner sought leave to appeal to the Court of Appeals; such leave was denied on June 25, 1997. *Sutton,* 90 N.Y.2d 864, 661 N.Y.S.2d 191, 683 N.E.2d 1065 (1997) (Table), 90 N.Y.2d 864, 661 N.Y.S.2d 191, 683 N.E.2d 1065. The instant petition was timely filed thereafter.

### DISCUSSION

I. *Petitioner's Claim that the Trial Court Improperly Allowed the Prosecutor to Admit Hearsay . Evidence Regarding Uncharged Crimes*

Petitioner argues that the trial court improperly admitted hearsay testimony

---

1. Petitioner's habeas petition also alleges that his sentence to an indeterminate term of from 5 to 15 years imprisonment was excessive. As indicated in the February 27, 1998 Order of this Court, which ruled that respondent need not answer this claim, petitioner's argument related to his sentence is frivolous. It is well established that no constitutional issue is presented for habeas relief where a sentence imposed falls within the range prescribed by state statutory law. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992); *Alvarez v. Scully,* 833 F.Supp. 1000, 1009 (S.D.N.Y.1993);

*Chisholm v. Henderson,* 736 F.Supp. 444, 449 (E.D.N.Y.1990), *aff'd,* 953 F.2d 635 (2d Cir. 1991). While grounds to disturb a sentence may exist upon a showing that the judge clearly abused his discretion in determining the severity of the punishment, or if petitioner demonstrated that the sentence was so grossly disproportionate to the crime committed as to be vulnerable to Eighth Amendment attack, petitioner makes no such showing. *Brown v. Wainwright,* 576 F.2d 1148 (5th Cir.1978); *Diaz v. E.S. LeFevre,* 688 F.Supp. 945, 949 (S.D.N.Y.1988).

made by the People's witness Officer James Quinn ("Officer Quinn") related to a domestic dispute that had occurred between victim and petitioner the night before her fatal stabbing. Officer Quinn testified that, upon arriving on the scene, he explained to Ms. Rose the procedure for reporting domestic violence. In connection with this testimony, the trial court admitted into evidence the domestic violence form completed at the time of the altercation. Officer Quinn also testified that he informed petitioner's mother that there had been a domestic dispute and that petitioner should not return to the house. Petitioner claims that the improper admission of such evidence of an "uncharged crime" violated his right to due process under the Fourteenth Amendment to the United States Constitution. The contention is without merit.

A. *Respondent's Contention that Petitioner Has Failed to Exhaust His State Court Remedies Regarding the "Uncharged Crime" Claim*

■ Before discussing the merits, we first consider and reject respondent's argument that petitioner has failed to exhaust his state court remedies. The exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first give the state courts an opportunity to assess his federal claim. *Daye v. Attorney General of State of New York,* 696 F.2d 186, 191 (2d Cir.1982). This means that the petitioner must alert the state court that he is asserting claims under the United States Constitution by "fairly presenting" those claims to the state court. *Id.* In *Daye,* the Second Circuit stated that, "Obviously if the petitioner has cited the state courts to the specific provision of the Constitution relied on in his habeas petition, he will have fairly presented his legal basis to the state courts." 696 F.2d at 192. Here, petitioner's brief to the Appellate Division specifically claims a denial of "due process" related to these hearsay claims and cites the Fourteenth Amendment of the

United States Constitution in support of this contention. Respondent's Exhibit B at 41–42. Thus, petitioner fairly alerted the state court to his constitutional argument and thereby exhausted his state remedies regarding this claim. Clearly, it would have been preferable for petitioner to have cited federal authority in his brief to the state appellate court. *See Gonzalez v. Sullivan,* 934 F.2d 419, 423 (2d Cir. 1991); *Twitty v. Smith,* 614 F.2d 325, 331 (2d Cir.1979). However, we believe that petitioner reasonably complied with the exhaustion requirement recognized in *Daye,* and proceed to consider the merits of petitioner's hearsay claim.

B. *The Merits of Petitioner's Hearsay Claim Related to "Uncharged Crimes"*

■ One of the basic premises underlying a federal court's review of a habeas corpus petition is that the petitioner present an argument that his or her state custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court examining a habeas corpus petition does not have jurisdiction to interpret whether the state courts correctly applied state law. *Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Thus, even an erroneous evidentiary ruling does not usually rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. *Ayala v. Leonardo,* 20 F.3d 83, 91 (2d Cir.1994). Rather, the writ should issue only where petitioner can show that the error deprived him or her of a fundamentally fair trial. *Taylor v. Curry,* 708 F.2d 886, 891 (2d Cir.1983).

■ Moreover, even if our role were to analyze the evidentiary question, we would conclude that the state trial judge's ruling related to "uncharged evidence" was not in error. While evidence of unconnected, uncharged criminal conduct is inadmissible if offered only to establish the defendant's criminal propensities, it is

well-established that certain exceptions to this rule apply where the evidence offered has some relevance other than merely to show criminal propensity. Evidence of other similar acts will be admitted if it tends to establish, inter alia: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan; or (5) identity. *Matter of Brandon*, 55 N.Y.2d 206, 211, 448 N.Y.S.2d 436, 433 N.E.2d 501 (1982), 55 N.Y.2d 206, 448 N.Y.S.2d 436, 433 N.E.2d 501; *People v. Ventimiglia*, 52 N.Y.2d 350, 359, 438 N.Y.S.2d 261, 420 N.E.2d 59 (1981), 52 N.Y.2d 350, 438 N.Y.S.2d 261, 420 N.E.2d 59; *People v. Molineux*, 168 N.Y. 264, 293, 61 N.E. 286 (1901), 168 N.Y. 264, 61 N.E. 286. Here, the trial court admitted testimony and a domestic violence form into evidence, both showing that only a few hours before the petitioner's fatal stabbing of the victim, the police had responded to a domestic violence dispute between the couple.[2] While the prohibition against "uncharged crime" evidence exists when the evidence "has no bearing other than to show that defendant is of a criminal bent or character," this evidence goes directly to petitioner's motive for the murder, i.e. that the attack resulted from a continuation of the argument that had begun the night before. *People v. Crandall*, 67 N.Y.2d 111, 118, 500 N.Y.S.2d 635, 491 N.E.2d 1092 (1986), 67 N.Y.2d 111, 500 N.Y.S.2d 635, 491 N.E.2d 1092. Plainly, evidence that a police officer responding to the victim's call for assistance offered her an opportunity to file a "criminal charge of harassment" against petitioner for threatening her a few hours before he caused her death is directly probative of motive. Respondent Exhibit C at 11, 23–25. The

New York appellate courts have ruled admissible evidence of a prior dispute between an assailant and a victim, even where the prior dispute was more remote in time than in the instant case. *People v. Carver*, 183 A.D.2d 907, 907–08, 584 N.Y.S.2d 142 (1992), 183 A.D.2d 907, 584 N.Y.S.2d 142; *People v. Shorey*, 172 A.D.2d 634, 634–35, 568 N.Y.S.2d 436 (1991), 172 A.D.2d 634, 568 N.Y.S.2d 436; *People v. Linton*, 166 A.D.2d 670, 671–72, 561 N.Y.S.2d 259 (1990), 166 A.D.2d 670, 561 N.Y.S.2d 259.[3]

Moreover, even if these evidentiary rulings were in error, we cannot say that admission of this evidence rendered the trial "fundamentally unfair." We emphasize that, at trial, petitioner admitted that he stabbed the victim, but claimed that he did so in self-defense. We do not see how admission of evidence that there was a prior altercation between petitioner and the victim could prejudice petitioner sufficiently to render his trial "fundamentally unfair." Thus, because admission of this evidence at trial was proper, and even if it were not, it does not rise to the level of constitutional error, petitioner's argument must fail.

II. *Petitioner's Claim that Remarks Made by the Prosecutor During Summation Deprived Him of a Fair Trial*

A. *Respondent's Argument that Petitioner's Claim is Procedurally Barred Because of the Presence of an Adequate and Independent State Ground*

Respondent urges this Court to dismiss petitioner's claims regarding both

**2.** The domestic dispute took place on the evening of October 29, 1991, and the murder occurred in the early morning hours of October 30, 1991.

**3.** In order to admit such "uncharged crime" evidence, the trial court must also find that the probative value of the evidence outweighed any unfair prejudice. *Ventimiglia*, 52 N.Y.2d at 359, 438 N.Y.S.2d 261, 420 N.E.2d 59. Clearly, a prior physical alterca-

tion between petitioner and the victim just a few hours prior to the murder is highly probative of petitioner's motive for the attack. Without this evidence, the jury would have been presented with a wholly unexplained and apparently unprovoked homicide. "If the evidence is probative, it will be very difficult to find a ground for requiring as a matter of constitutional law that it be excluded...." *Watkins v. Meloy*, 95 F.3d 4, 7 (7th Cir.1996).

**340**

the prosecutor's summation and the allegedly erroneous jury instruction as procedurally barred. Generally, federal habeas review of federal claims is barred "if a petitioner defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule...." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The state urges us to adhere to the rule set forth in *Martinez v. Harris,* 675 F.2d 51 (2d Cir.1982), and assume that the state court opinion was based on independent and adequate state procedural grounds. *See also Quirama v. Michele,* 983 F.2d 12 (2d Cir.1993). Under the *Martinez* rule, when a state appellate court affirms a defendant's conviction without opinion and the People had urged affirmance on both procedural and substantive grounds, the federal habeas court should assume that the state appellate court rested its decision on petitioner's procedural default. *See Rosenfeld v. Dunham,* 820 F.2d 52, 54 (2d Cir.1987).

However, the *Martinez* rule is inapplicable when, as here, an opinion is available. When a state appellate court affirms a conviction with an opinion, we cannot assume that the decision rested on a procedural default. *Coleman,* 501 U.S. at 738–39, 111 S.Ct. 2546; *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir.1997). Indeed, in order to preclude federal review in cases where an opinion has been issued, the last state court to render judgment must "clearly and expressly state[ ] that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotations omitted). The language of the Appellate Division's decision regarding the claim related to the prosecutor's summation (as well as the claim related to the jury instruction on justification) fails to provide such a clear and express statement. The opinion, which consists of only one sentence regarding these two claims, holds, "The defendant's remaining contentions are unpreserved for appellate review, without merit, or relate to errors that are harmless." *Sutton,* 220 A.D.2d at 705, 632 N.Y.S.2d 978. Because that opinion ambiguously states that the basis for affirming the conviction was either procedural ("unpreserved for appellate review") or substantive ("without merit"), we cannot conclude that the state court decision rested on state procedural grounds. Accordingly, federal habeas review is not procedurally barred.

B. *The Merits of Petitioner's Claim Regarding the Prosecutor's Summation*

Petitioner first claims that the prosecutor's summation, which briefly mentioned Officer Quinn's testimony about the domestic disturbance between victim and petitioner the day before the attack, violated his due process rights under the Fourteenth Amendment by improperly presenting the jury with "uncharged crime" evidence. For the reasons stated in our discussion above regarding Officer Quinn's testimony, admitting "uncharged crime" evidence was permissible at trial, and even if inclusion of such evidence was in error, it does not rise to the level of constitutional error justifying habeas relief. Because the testimony of Officer Quinn about the prior incident was permissible, the prosecution was certainly justified in discussing this testimony in its summation.

Petitioner also claims that the prosecutor's summation deprived him of due process by attempting to shift the burden of proof from the People to the defendant. Specifically, the petitioner claims that the prosecutor improperly commented on the petitioner's failure to produce witnesses. When referring to injuries that the petitioner claims the victim had inflicted upon him, the prosecutor stated, "No witness came in here and told you that [he sustained such injuries], he's [Sutton] the only one who told you that. What they told you was what they claim they were told later but there were no other witnesses to this alleged event with Mr. Sutton." Trial

Transcript at 1684. Petitioner argues that such an argument suggests that the defendant was obligated to produce other witnesses to corroborate his injuries, thus implying that the burden was on the petitioner to prove his innocence at trial.

■ Petitioner's argument distorts the facts. Petitioner's trial counsel indicated in his summation that others, on occasions prior to the murder, had witnessed the victim attack the petitioner. Trial Transcript at 1599. The prosecutor merely rebutted that assertion, commenting on the testimony of the witnesses actually called at trial by emphasizing that none testified to observing the victim inflict injuries on the petitioner. Thus, the prosecutor's summation in this regard simply assesses the evidence actually presented at trial, and does not suggest that the petitioner's failure to call other witnesses was evidence of his guilt. Commenting on the evidence presented at trial is a typical—indeed necessary—part of any summation, and is not error.

We also note that even if the prosecutor's remarks were in error (which we do not believe), either because he referred to "uncharged crimes" or because he alluded to the testimony of witnesses regarding petitioner's injuries, the error was not so egregious as to compel the granting of this habeas petition. As the Supreme Court has held, it "is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 180, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotations omitted); *Floyd v. Meachum,* 907 F.2d 347, 353 (2d Cir.1990).

For the same reasons given by the Supreme Court in applying this standard in *Darden,* we hold that the prosecutor's remarks, even if improper, do not amount to a denial of due process. The prosecutor's argument did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent. *Darden,* 477 U.S. at 182, 106 S.Ct. 2464. The comment which is objected to was invited by or was responsive to the summation of the defense. *Id.* at 182–83, 106 S.Ct. 2464 (holding that the idea of "invited response" is used not to excuse improper comments, but to determine their effect on the trial as a whole). The trial court instructed the jurors that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence. *Id.* at 182, 106 S.Ct. 2464; Trial Transcript at 1788–89. Defense counsel did not object to the prosecutor's summation remarks at trial. *Nichols v. Scott,* 69 F.3d 1255, 1278 (5th Cir.1995) (holding that failure to object to an argument is an indication that it was not perceived as having a substantial adverse effect). Finally, the weight of the evidence against petitioner was heavy, thus reducing the likelihood that the jury's decision was influenced by the argument. *Darden,* 477 U.S. at 182, 106 S.Ct. 2464.

III. *Petitioner's Claim that the Trial Court Improperly Denied His Request that the Jury Be Instructed on the Defense of Justification*

■ Petitioner's claims that his right to due process under the Fourteenth Amendment was violated because, "Although the court gave a charge of self-defense, it was lacking in the justification aspect of that charge." Petitioner's Habeas Petition at 6. This contention seems to ignore the jury instructions actually given at trial. In fact, the trial judge gave a jury instruction that almost exactly matched the New York Penal Law's definition of "justification." The "justification" defense in New York states:

A person may, subject to the provisions of subdivision two, use deadly physical force upon another person when and to the extent he reasonably believes such to be necessary to defend himself or a

third person from what he reasonably believes to be the use or imminent use of unlawful physical force by such other person....

N.Y.Penal Law § 35.15(1) (McKinney 1998). Subdivision two of § 35.15 states, in part:

A person may not use deadly physical force upon another person under circumstances specified in subdivision one unless: (a) He reasonably believes that such other person is using or about to use deadly physical force.

§ 35.15(2)(a). The jury charge closely followed this definition of "justification" in the penal law: "According to the law, a person may lawfully use deadly physical force against another person when he reasonably believes that such use of deadly force is necessary to defend himself from what he reasonably believes to be the imminent use of deadly physical force against himself by such other person." Trial Transcript at 1772.[4]

 Moreover, even if the trial judge had committed error in giving this instruction, it would still not provide a basis for habeas relief. In order to grant a habeas petition based upon improper jury instructions is exceedingly high. As the Supreme Court has held:

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned.

*Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (internal quotations omitted). Moreover, a single instruction to a jury may not be judged in isolation, but must be viewed in the context of the overall charge. *See id.* at 152 n. 10, 97 S.Ct. 1730; *Boyd v. United States,* 271 U.S. 104, 107, 46 S.Ct. 442, 70 L.Ed. 857 (1926). Looking at the charge as a whole, the trial judge clearly satisfied the requirements of "fundamental fairness." Generally, the overall charge on the defense of justification must give appropriate guidance to aid the jury in deciding whether the defendant reasonably believed that it was necessary for him to use physical force in self-defense. *People v. Wesley,* 76 N.Y.2d 555, 561 N.Y.S.2d 707, 563 N.E.2d 21 (1990), 76 N.Y.2d 555, 561 N.Y.S.2d 707, 563 N.E.2d 21; *People v. Davis,* 201 A.D.2d 827, 608 N.Y.S.2d 348 (1994), 201 A.D.2d 827, 608 N.Y.S.2d 348. Additionally, the court's charge must direct the jury to consider both objective and subjective factors in its determination. *Wesley,* 76 N.Y.2d at 559, 561 N.Y.S.2d 707, 563 N.E.2d 21. The trial court specifically instructed the jury on each of these required elements. Trial Transcript at 1771–77. Thus, we hold that even if there were errors in the justification charge, viewing the context of the charge as a whole, it is impossible to say that the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Henderson,* 431 U.S. at 154, 97 S.Ct. 1730.

## CONCLUSION

For the reasons stated herein, petitioner's § 2254 habeas petition is dismissed. Therefore, petitioner's request for counsel is rendered moot.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2), as amended

---

**4.** We find no support for petitioner's belief that a charge of "justification" is somehow different than a charge of "self-defense."

by the Antiterrorism and effective Death Penalty Act of 1996. *See United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997); *Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3), concerning proceedings in forma pauperis, that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.