■ In the Matter of MICHAEL MEYER, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [733 NYS2d 599] —Determination of respondent Police Commissioner, dated February 25, 2000, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Madden, J.], entered on or about September 22, 2000), dismissed, without costs.

Substantial evidence, including the testimony of disinterested eyewitnesses, supports respondent's findings that petitioner's altercation with a civilian while off duty did not justify petitioner's firing his service gun at the civilian, causing serious injury to the civilian and endangering persons nearby. No basis exists to disturb respondent's credibility findings that petitioner had the advantage in the altercation and was not confronted with a threat to his life at the moment he fired his gun (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444; *cf., People v Wesley*, 76 NY2d 555, 559). Nor was petitioner's right to challenge the Hearing Officer's findings prior to respondent Commissioner's decision (*see, Matter of Fogel v Board of Educ.*, 48 AD2d 925) violated by respondent Police Department's alleged leak of the Hearing Officer's report to the press prior to petitioner's receipt of it and prior to the Commissioner's decision, where petitioner's ability to challenge the Hearing Officer's findings were not in any way adversely affected. The penalty of dismissal does not shock our sense of fairness. Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.