■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL THURSTON, Appellant. [755 NYS2d 917] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered February 1, 2000, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]), defendant contends that the evidence is legally insufficient to disprove his justification defense (§ 35.15). By presenting evidence after County Court denied his motion to dismiss at the close of the People's case and failing to renew his motion, defendant waived review of the denial of that motion (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the evidence is legally sufficient to disprove the justification defense (*see People v Bloomer*, 208 AD2d 1119 [1994], *lv denied* 85 NY2d 906 [1995]). Further, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contentions concerning the court's alleged errors in instructing the jury with respect to the justification defense (*see* CPL 470.05 [2]; *People v Kopera*, 184 AD2d 1007 [1992], *lv denied* 80 NY2d 905 [1992]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). In addition, we note that a stenographer's error in the transcript has been corrected to reflect that the court properly instructed the jury that the People bore the burden of disproving the justification defense. Finally, we reject the contention of defendant that the court failed to conduct an adequate inquiry into his competency upon reviewing the presentence investigation report (*see People v Wheeler*, 249 AD2d 774, 774-775 [1998]). The court observed defendant throughout the proceedings and had "ample opportunity to assess the defendant's ability to assist in his own defense" (*People v Russell*, 74 NY2d 901, 902 [1989]). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.